JOHN FLYNN *et al.*, Plaintiffs-Appellants, v. ALLIS CHALMERS CORPO-RATION, d/b/a American Air Filter Company, Inc., *et al.*, Defendants-Appellees.

Second District    No. 2—93—0108

Opinion filed May 4, 1994.

George E. Dykes, of Lansing, for appellants.

Gregory D. Conforti, Jack T. Riley, Thomas H. Fegan, and Mindy Kallus, all of Johnson & Bell, Ltd., of Chicago, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiffs, John Flynn and Carolyn Flynn, appeal the circuit court's order dismissing their complaint against defendant, Allis Chalmers Corporation (Allis Chalmers). The court dismissed the complaint on the ground that it was the second refiling of a dismissed action, which is prohibited by section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)). Plaintiffs contend that the court should not have dismissed the complaint because they refiled the action only once, and a previous complaint filed against a different corporate defendant should not bar the present action.

Three separate complaints are involved in this case. Plaintiffs filed their first complaint, case No. 87—L—21929, on October 13, 1987, against American Air Filter Company (American Air). The complaint alleged that plaintiff John Flynn was injured while working at a warehouse owned and operated by defendant in Zion, Illinois.

Shortly after this filing, plaintiffs received a letter from Ronald

Huntley of Allis Chalmers. According to Huntley, American Air was a "non-operating corporate shell." Huntley explained that the actual owner of the premises, Allis Chalmers, was the subject of bankruptcy proceedings in New York.

When plaintiff's counsel declined to dismiss the case based solely on Huntley's representations, the firm of Johnson, Cusack & Bell undertook the defense on behalf of American Air. American Air moved for summary judgment, alleging that Allis Chalmers was the party actually operating the facility where plaintiff was injured. In a letter dated April 28, 1988, defense counsel requested that, since American Air was not the real party in interest and since Allis Chalmers was in bankruptcy, plaintiffs voluntarily dismiss the action or face the possibility of sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

Plaintiffs dismissed the action against American Air and participated in the Allis Chalmers' bankruptcy proceedings. Sometime later, Huntley notified plaintiffs that the bankruptcy court had modified the automatic stay, permitting plaintiffs' action to go forward.

On December 30, 1988, plaintiffs filed an action in Cook County against Allis Chalmers and others. The complaint related to the same incident as that in case No. 87—L—21929. On defendant's motion, the court transferred venue to Lake County.

Defendant moved in the circuit court of Lake County for sanctions against plaintiffs for their failure to comply with discovery. On January 2, 1991, the court granted the motion and barred plaintiffs from calling any expert witnesses or introducing evidence of lost wages at trial. In response, plaintiffs voluntarily dismissed the action. See 735 ILCS 5/2—1009 (West 1992).

On February 21, 1992, plaintiffs filed another complaint in the circuit court of Cook County. The complaint named Allis Chalmers Corporation, d/b/a American Air Filter Company, Inc., and others, as defendants, and concerned the same incident as the previous two pleadings.

Allis Chalmers again had the cause transferred to Lake County and moved to dismiss the complaint under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). Allis Chalmers alleged that the complaint was an improper second refiling pursuant to section 13—217. The court granted the motion, and plaintiffs perfected this appeal.

Plaintiffs contend on appeal that the present cause of action should not be barred. They maintain that the first action, case No. 87—L—21929, does not bar the present action because Allis Chalm-

ers was not a party to that case. Alternatively, plaintiffs contend that the present complaint should not be barred because the causes of action are not identical.

■ Section 13—217 provides in relevant part as follows:

"In the actions specified in Article XIII of this Act *** if *** the action is voluntarily dismissed by the plaintiff *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." 735 ILCS 5/13—217 (West 1992).

In *Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, the supreme court held that section 13—217 permits only a single refiling, even if the statute of limitations has not yet run. The parties apparently agree that the automatic stay entered in the bankruptcy proceedings tolled the statute of limitations against Allis Chalmers, so that the 1988 complaint was filed within the limitations period. (See *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 87.) Therefore, the only question is whether the 1987 action against American Air constituted the first filing. If so, the present cause constitutes an improper second refiling. If, however, the 1988 complaint, naming Allis Chalmers as defendant for the first time, represents a new and separate action, then the present cause is a permissible refiling under section 13—217.

The parties have not cited, and our research has not disclosed, any Illinois cases which have considered this precise issue. As plaintiffs point out, in the usual case, upon learning that American Air was not the real party in interest, plaintiffs would have simply moved to amend their complaint to name the proper defendant. However, because of the bankruptcy automatic stay and defense counsel's threat to seek sanctions, plaintiffs felt compelled to dismiss the complaint and pursue relief in the bankruptcy court.

Section 13—217 provides that within one year of a voluntary dismissal a plaintiff may file "a new action." The Code does not define "action." Black's Law Dictionary defines "action" as follows:

"The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection or a right, the redress or prevention of a wrong, or the punishment of a public offense. It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court ***." Black's Law Dictionary 28 (6th ed. 1990).

According to this definition, the identity of the defendant is an essential element of an "action." Thus, a complaint against a different defendant, even if based on the same facts supporting a right to relief, would constitute a separate "action." In discussing savings provisions similar to section 13—217, one authority provides that such a statute "is inapplicable in the case of a defendant who was a stranger to the original action." (54 C.J.S. *Limitations of Actions* § 245, at 324 (1987).) The Georgia Court of Appeals has held that Georgia's savings provisions did not resurrect a time-barred action where the defendant was not a party to the prior action. *Speer, Inc. v. Manis* (1982), 164 Ga. App. 460, 461, 297 S.E.2d 374, 375.

■ It thus appears that if the first complaint was actually filed against a different entity, that filing would not be a bar to maintaining the present action. In Illinois, a corporation is deemed a distinct legal entity, separate from other corporations with which it may be affiliated. (*Van Dorn Co. v. Future Chemical & Oil Corp.* (7th Cir. 1985), 753 F.2d 565, 569; see also *Peoples Energy Co. v. Illinois Commerce Comm'n* (1986), 142 Ill. App. 3d 917, 924.) Before a court will pierce the corporate veil of a subsidiary corporation, it must be shown that one corporation so controls the affairs of another that the other is the mere instrumentality or dummy of another and that, under the circumstances, the observance of the fiction of separate corporate existence will sanction fraud or injustice. (*Logal v. Inland Steel Industries, Inc.* (1991), 209 Ill. App. 3d 304, 309.) The supreme court has recently held that a corporation may not pierce its own corporate veil. *In re Rehabilitation of Centaur Insurance Co.* (1994), 158 Ill. 2d 166.

■ In the present case, representatives of Allis Chalmers procured the dismissal of the first complaint against American Air on the ground that American Air was not the real party in interest and that a separate entity, Allis Chalmers, actually owned the property in question. On appeal, however, Allis Chalmers argues that plaintiff's first suit was, in reality, "directed against Allis Chalmers." If this were true, there was no basis to dismiss plaintiff's first complaint. Having obtained the dismissal of the first suit on the ground that American Air and Allis Chalmers are separate entities, defendant may not procure the dismissal of the third complaint on the ground that they are really the same. The above-cited cases establish that a corporation may not use the fiction of separate corporate existence to frustrate creditors.

Plaintiff's first complaint against American Air named a different defendant than the complaint at issue. Therefore, the present complaint is not an improper second refiling under section 13—217, and the circuit court erred in dismissing it on that basis.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and BOWMAN, J., concur.