DON SAFFOLD ENTERPRISES, Plaintiff-Appellant, v. CONCEPT I, INC., Defendant-Appellee.

First District (2nd Division)    No. 1—99—2141

Opinion filed September 26, 2000.

Susan L. Meadows, of Steven D. Gertler & Associates, of Chicago, for appellant.

Robert A. Langendorf & Associates, of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff, Don Saffold Enterprises, appeals from an order of the circuit court dismissing its complaint with prejudice, on motion of defendant, Concept I, Inc. Plaintiff filed three lawsuits based on the breach of a written contract for goods and services. The first two actions were dismissed for want of prosecution, and the court dismissed the third complaint, which is the subject of this appeal, pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1998)). Section 13—217 allows for only a one-time refiling of a cause of action dismissed for want of prosecution. On appeal, the issue is whether the trial court correctly held that plaintiff was not entitled to file a third complaint based upon section 13—217 where the third complaint named a defendant other than the defendant named in the first two causes of action.

On September 11, 1995, plaintiff filed a complaint under case number 95 M1 152081 for breach of contract. The complaint named "Carl Wasserman D/B/A Concept I" as defendant. Carl Wasserman

filed a motion to dismiss on the grounds that Concept I was a corporation and that Wasserman had not entered into a contract with plaintiff on behalf of the corporation. On February 5, 1996, the action was dismissed for want of prosecution.

On November 19, 1996, plaintiff filed a second complaint under case number 96 M1 165134 for breach of the same contract. The original complaint is not contained in the record; however, the pleadings, notices and motions all refer to defendant as "Carl Wasserman D/B/A Concept I." Carl Wasserman again filed a motion to dismiss on the same grounds that Concept I was a corporation and he had not entered into a contract with plaintiff on behalf of the corporation. Wasserman also included with the motion a certificate from the Illinois Secretary of State indicating Concept I's status as a corporation. Defendant's motion to dismiss was granted, but plaintiff was given three weeks to file an amended pleading. At the subsequent hearing on February 10, 1998, plaintiff's attorney was not present and defendant's attorney stated that he had not received an amended pleading as of that date. The case was then dismissed for want of prosecution. Plaintiff's motion to vacate this dismissal was denied.

We do note that plaintiff asserts in its appellate brief that plaintiff filed an amended complaint on January 12, 1998. An amended complaint is included in the record naming only Concept I as defendant. However, the date stamp is not readable, no other documents in the record document its existence, and defendant had not received it as of the February 10, 1998, court date.

On November 4, 1998, plaintiff filed a third complaint under case number 98 M1 157765 for breach of the same contract. The complaint named only Concept I, Inc., as defendant and was essentially identical in substance to plaintiff's first and second complaints. Defendant filed a motion to dismiss pursuant to section 13—217, arguing that plaintiff had refiled the same cause of action twice when the statute allowed for only a one-time refiling of a cause of action that has been dismissed for want of prosecution. The court denied defendant's motion. However, the court subsequently granted defendant's motion to reconsider and then dismissed plaintiff's third complaint as a second refiling of a dismissed action. Plaintiff now appeals.

The issue on appeal is whether the trial court correctly held that plaintiff was not entitled to file a third cause of action based upon section 13—217 where the third cause of action named a different defendant than the first two causes of action.

Section 13—217 provides for one and only one refiling of a cause of action regardless of whether the applicable statute of limitations has expired. *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 253,

582 N.E.2d 720 (1991). In *Flesner*, the plaintiffs filed their third complaint, which arose out of the same facts and claims and named the same defendants as their two previous lawsuits. The supreme court dismissed the plaintiff's third complaint, finding that section 13—217 expressly permitted one, and only one, refiling of a claim even if the statute of limitations had not expired. *Flesner*, 145 Ill. 2d at 254.

Neither of the parties cites *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136, 634 N.E.2d 8 (1994), which in our view controls the disposition of this appeal. In *Flynn*, the plaintiff filed three separate complaints based on the same set of facts but named different defendants. The first complaint named American Air Filter Co. (American Air) as defendant and alleged the plaintiff was injured while working at the defendant's warehouse. The plaintiff was advised by Allis Chalmers that American Air was a "non-operating corporate shell," and the actual owner of the premises, Allis Chalmers, was the subject of bankruptcy proceedings in the state of New York. 262 Ill. App. 3d at 138. As a result, the plaintiff voluntarily dismissed the first case.

Subsequently, the plaintiff filed a second cause of action naming Allis Chalmers and others as defendants. After the trial court barred the plaintiff from introducing certain evidence at trial, the plaintiff voluntarily dismissed the action. The plaintiff filed a third cause of action naming Allis Chalmers, doing business as American Air, and others, as defendants. The case was dismissed on the defendant's motion that it was an improper second refiling under section 13—217.

On appeal, this court reversed the trial court's dismissal and held that the plaintiff's first complaint named a defendant other than the defendant named in the second and third complaints, and therefore the third complaint was properly refiled under section 13—217. In reaching this decision, the court analyzed whether the plaintiff's first complaint, which named American Air as defendant, constituted the first filing or whether the second complaint naming Allis Chalmers as defendant represented a new and separate cause of action. The court pointed out that this precise question had not been considered before by Illinois courts. It noted that section 13—217 provided that, within one year of a voluntary dismissal, a plaintiff may file "a new action." 735 ILCS 5/13—217 (West 1992). The court looked to Black's Law Dictionary to define "action" and concluded that the identity of the defendant was an essential element of an "action." The court further stated that a complaint against a different defendant, even if based on the same facts supporting a right to relief, would constitute a separate "action." *Flynn*, 262 Ill. App. 3d at 139-40.

Here, Carl Wasserman, an individual, and Concept I, Inc., a

corporation, have separate identities and are not the same defendant. As such, plaintiff's third cause of action, which named Concept I, Inc., as a defendant for the first time, was a new cause of action, unlike the first two complaints that named "Carl Wasserman D/B/A Concept I" as defendant. Even assuming that plaintiff had filed the amended complaint naming Concept I as defendant in plaintiff's second cause of action, which this court questions based on the record before us, plaintiff would still have one chance to refile after the dismissal for want of prosecution on February 10, 1998, which is precisely what plaintiff did.

Defendant cites to *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 681 N.E.2d 12 (1997), and *Phillips v. Elrod*, 135 Ill. App. 3d 70, 478 N.E.2d 1078 (1985), for the proposition that actions premised upon the identical core of operative facts constitute the same cause of action for purposes of *res judicata* and the application of section 13—217. These cases discuss two tests Illinois courts have adopted to determine whether the causes of action are the same for *res judicata* purposes and also under section 13—217. Under the "same evidence" test, *res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first or if the same facts were essential to maintain both actions. The "transactional approach" test considers whether both suits arise from the same transaction, incident, or factual situation. The transactional approach provides that the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts gives rise to the assertion of relief. Recently, however, the supreme court rejected the same evidence test in favor of the transactional analysis. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311, 703 N.E.2d 883 (1998).

In this case, *res judicata* does not preclude the filing of plaintiff's third complaint under the transactional approach test. Although plaintiff's three complaints involve the breach of the same contract and arise out of the same transaction, they are not the same cause of action because they involve different defendants, an individual and a corporation.

In *D'Last*, the plaintiff filed his first complaint alleging tortious conduct by the defendants against the plaintiff's business. The plaintiff subsequently voluntarily dismissed the cause of action. The plaintiff then filed a complaint in federal court and alleged acts of harassment and tortious and criminal conduct, as well as antitrust and RICO (Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.* (1994)) violations. The federal court dismissed the antitrust and RICO counts and, refusing to exercise supplemental jurisdiction,

dismissed the state law counts without prejudice. The plaintiff filed a third cause of action in state court naming the same defendants as the earlier state and federal actions. The complaint also alleged various acts of tortious conduct by the defendants. The trial court dismissed the complaint pursuant to section 13—217, finding that it was an impermissible second refiling. This court held that the plaintiff's federal claim, which alleged the same tortious conduct and named the same defendants, was a permitted refiling of the first state claim. Therefore, the plaintiff's third complaint, which was filed in state court, was an impermissible second refiling under section 13—217. In reaching this conclusion, the court noted that each of the plaintiff's complaints sought recovery for damages resulting from various acts of misconduct by the defendants and/or their employees, which allegedly interfered with the plaintiff's business. The court also found that the plaintiff's federal complaint, in addition to alleging federal claims, even if they were not based on the same core of operative facts as the claims made in the earlier state action, also realleged the state claims raised in the earlier state action.

In *Phillips*, the plaintiff filed a wrongful death state court claim. The plaintiff voluntarily dismissed the complaint. The plaintiff then filed the wrongful death claim in federal court, naming the same defendant, and alleged that the claim was being refiled under section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a) (Limitations Act), the predecessor provision of section 13—217, from a prior state court action voluntarily dismissed by the plaintiff. The plaintiff voluntarily dismissed the complaint. The plaintiff filed a third wrongful death claim in state court, naming the same defendant. This court held that the plaintiff's federal claim constituted a refiling of the first state court claim, and the plaintiff's third claim constituted an impermissible second refiling of the claim. The court found that the plaintiff's federal claim, which was premised on the same core of operative facts as the first state court claim, constituted the same cause of action for purposes of *res judicata* and the applicability of section 24 of the Limitations Act.

The instant case is similar to *D'Last*, *Phillips*, and *Flesner*, because plaintiff's third complaint arose out of the same facts and claims as the first two complaints. However, the critical factor that distinguishes these cases is that, in the instant case, plaintiff's third complaint named an entirely different defendant than the first two complaints. The first two complaints named Carl Wasserman individually, whereas the third complaint named Concept I, Inc., a corporation. As such, plaintiff's third complaint survives either as a new cause of action or as a one-time permitted refiling under section 13—217, if we are to

consider that plaintiff filed the amended complaint included in the record.

Additionally, plaintiff's third complaint is not barred because the essential elements of *res judicata* have not been met. They are: (1) identity of parties or their privies in the two actions; (2) identity of causes of action; and (3) a final judgment on the merits in the earlier action. *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 109, 722 N.E.2d 723 (1999). Here, the preclusive effect of *res judicata* is not an issue because the identities of defendants or their privies are different. Carl·Wasserman, an individual, is an entirely different defendant with a different identity than Concept I, a corporation.

Accordingly, the judgment of the circuit court is reversed and remanded.

Reversed and remanded.

CAHILL, P.J., and GORDON, J., concur.