NANCY HENDRICKS *et al.*, Plaintiffs-Appellees, v. VICTORY MEMORIAL HOSPITAL, Defendant-Appellant.

Second District   No. 2—00—0672

Opinion filed September 7, 2001.

Ruth V. Enright and Sheni Hajat Djurisic, both of Baker & Enright, of Chicago, for appellant.

Randall F. Peters and William H. Kohaus, Jr., both of Randall F. Peters & Associates, of Chicago, for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Victory Memorial Hospital (Victory), sought to dismiss the complaint of plaintiffs, Nancy Hendricks and Russell Hendricks, on the ground that it was the second refiling of the same cause of action and therefore prohibited by section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1998)). The trial court denied the motion but certified for appeal the question whether section 13—217 barred plaintiffs' action under the facts presented here. We granted defendant's petition for leave to appeal (see 155 Ill. 2d R. 308) and now affirm the circuit court's decision.

In 1993, plaintiffs sued Dr. Stephen Sipos for medical malpractice. The complaint alleged that Sipos negligently treated Nancy Hendricks at Victory between October 10 and October 16, 1991. The complaint also contained a count alleging loss of consortium on behalf of Russell Hendricks. At the relevant time, Sipos was a staff physician at Victory.

Plaintiffs voluntarily dismissed their complaint and, on October 5, 1995, filed a new complaint against both Dr. Sipos and Victory. The complaint alleged medical negligence against Sipos and a theory of "negligent credentialing" against Victory for granting surgical privileges to Sipos.

Plaintiffs later settled with Sipos and, on November 24, 1998, voluntarily dismissed their complaint against both defendants. On November 23, 1999, plaintiffs filed the present complaint solely against Victory. Victory moved to dismiss, arguing that section 13—217, which permits a plaintiff to refile a complaint within one year of a voluntary dismissal, allows only one refiling. Victory contended that plaintiffs' complaint was an impermissible second refiling of the same cause of action. The trial court disagreed and denied the motion. The court certified for appeal the question whether plaintiffs' cause of action is barred where they previously filed two complaints based on the same core of operative facts but the first complaint did not name Victory as a defendant. We granted Victory's petition for leave to appeal.

●1 Section 13—217 is a general savings provision that allows a plaintiff to refile within one year or within the remaining statute of limitations, if any, a complaint that has been voluntarily dismissed or dismissed for one of a number of specified reasons unrelated to the merits. 735 ILCS 5/13—217 (West 1998). Although the statute does not say so, the supreme court has interpreted it to permit only a single refiling of the same cause of action. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 164 (1997); *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991).

Victory acknowledges that it was not named as a defendant in plaintiffs' first complaint. Thus, there has been only one refiling as to it. However, Victory contends that all three complaints arose from the same transaction, namely, Dr. Sipos' treatment of Nancy Hendricks in October 1991.

According to Victory, *res judicata* principles determine whether causes of action are the same for purposes of section 13—217. Citing *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290 (1998), Victory argues that the supreme court has adopted the "transactional" test of *res judicata*, under which claims will be considered the same if they arise from a single group of operative facts. Plaintiffs respond that an "action," by definition, involves a claim based on a particular set of facts involving a particular defendant. Therefore, they maintain that their first action against Sipos was not an action against Victory.

Although neither party cites it, *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136 (1994), controls the outcome of this case. In *Flynn*, plaintiffs sued American Air Filter Company (American Air), a subsid-

iary of Allis Chalmers, in state court. Plaintiffs dismissed that action after being informed by attorneys for Allis Chalmers that Allis Chalmers, rather than American Air, was the real party in interest. Moreover, because Allis Chalmers was involved in bankruptcy proceedings, the automatic stay prohibited plaintiffs from proceeding against Allis Chalmers in state court. *Flynn*, 262 Ill. App. 3d at 137-38.

After the bankruptcy proceedings concluded, plaintiffs filed a second complaint in state court naming Allis Chalmers as the defendant. After being sanctioned for discovery violations, plaintiffs dismissed that complaint and shortly thereafter filed another complaint against Allis Chalmers. All three complaints involved the same incident. *Flynn*, 262 Ill. App. 3d at 138.

The court granted Allis Chalmers' motion to dismiss on the ground that the complaint was an impermissible second refiling of the same cause of action. This court reversed, holding that the identity of the defendant is an essential element of an "action." *Flynn*, 262 Ill. App. 3d at 139-40; see 54 C.J.S. *Limitations of Actions* § 245, at 324 (1987) (savings provision similar to section 13—217 "is inapplicable in the case of a defendant who was a stranger to the original action"). We held that because the first complaint was against a separate corporate entity, Allis Chalmers could not rely on that pleading to argue that the current complaint against it was an improper second refiling. *Flynn*, 262 Ill. App. 3d at 140. The First District has recently followed *Flynn* in *Don Saffold Enterprises v. Concept I, Inc.*, 316 Ill. App. 3d 993 (2000). The court there held that *res judicata* principles did not bar plaintiff's third complaint because, although based on the same contract, the three pleadings did not involve the same defendants. *Don Saffold Enterprises*, 316 Ill. App. 3d at 996.

Like the defendants in *Flynn* and *Don Saffold*, Victory simply was not a party to the first action between plaintiffs and Sipos. Victory may not rely on that action to claim that the present complaint is an impermissible second refiling.

Both parties discuss at length *Evans ex rel. Evans v. Lederle Laboratories*, 167 F.3d 1106 (7th Cir. 1999). There, plaintiffs initially filed a complaint in state court alleging that their son was injured by a childhood vaccine. The original complaint named only a doctor and the clinic where he practiced. Plaintiffs dismissed that complaint and filed a diversity action in federal court, naming the doctor, the clinic, and Lederle Laboratories (Lederle). Plaintiffs dismissed that action to pursue a special statutory remedy in the Court of Claims. After that proceeding was terminated unsuccessfully, plaintiffs refiled their action in the federal district court, which dismissed the action as to all three defendants. *Evans*, 167 F.3d at 1108.

The appeals court had no trouble upholding the dismissal of the doctor and the clinic on the ground that the suit was the second refiling of the same action (the appeals court apparently did not consider the Court of Claims proceeding to be a "refiling"). However, the court also affirmed the dismissal of Lederle, although it had not been named in the state-court complaint. *Evans*, 167 F.3d at 1113. Needless to say, Victory urges us to follow *Evans* while plaintiffs argue that it was incorrectly decided and we should not follow it.

Initially, *Evans* is factually distinguishable from this case. It appears that the appeals court viewed the case as a matter of compulsory joinder. The court referred to a policy of joining "necessary defendants" and referred to Lederle's absence from the first proceeding as a "technicality" and an "oversight." *Evans*, 167 F.3d at 1113 & n.9. In that case, all three defendants were potentially liable for exactly the same conduct: providing the vaccine to plaintiffs' son. Here, plaintiffs' causes of action against Sipos and Victory, while relating in a general way to the same conduct, allege separate activities. Sipos was allegedly liable for negligently treating Nancy Hendricks while Victory is allegedly liable for negligently giving Sipos credentials to practice at the hospital. Victory's acts involved in credentialing Sipos necessarily took place earlier than Sipos' treatment of Hendricks and involved entirely different activities.

To the extent that *Evans* cannot be distinguished from this case, we decline to follow it. Opinions of the lower federal courts do not bind this court. *Hinterlong v. Baldwin*, 308 Ill. App. 3d 441, 452 (1999). In considering the issue with regard to Lederle, the court stated, "The Illinois rule does not differentiate on its face between actions brought against different defendants by the same plaintiff. Evans cites no instance in which a court in Illinois has ignored the rule on this basis." *Evans*, 167 F.3d at 1113. Apparently the *Evans* plaintiffs did not cite *Flynn*.

●2 We continue to adhere to *Flynn*. We therefore answer the certified question, whether section 13—217 bars refiling where plaintiffs had filed two previous actions relating to the same incident but defendant was not a party to the first action, in the negative. The trial court correctly determined that plaintiffs' present action could go forward. We affirm the court's order denying the motion to dismiss and remand the cause for further proceedings.

Certified question answered; order affirmed; cause remanded.

GEIGER and GROMETER, JJ., concur.