# Illinois Official Reports

## Appellate Court

---

### *Bush v. J&J Transmissions, Inc.*, 2017 IL App (3d) 160254

---

| | |
|---|---|
| Appellate Court Caption | DWAYNE BUSH, Plaintiff-Appellee, v. J&J TRANSMISSIONS, INC., an Illinois Corporation, and JOHN GIBLIN, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-16-0254 |
| Filed | March 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 14-L-76; the Hon. Adrienne W. Albrecht, Judge, presiding. |
| Judgment | Certified question answered; reversed and remanded with directions. |
| Counsel on Appeal | Stephen C. Debboli, of Chicago, for appellants.<br><br>Dwayne A. Bush, appellee *pro se*. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justice McDade concurred in the judgment and opinion.<br>Justice Wright dissented, with opinion. |

**OPINION**

¶ 1        Defendants, J&J Transmissions, Inc., and John Giblin, filed an interlocutory appeal from the trial court's denial of their motion to dismiss the complaint of plaintiff, Dwayne Bush, presenting the certified question of whether section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2014)) allows a third refiling of the same action. We answer the certified question in the negative. We also reverse and remand with directions.

¶ 2                                                FACTS

¶ 3        On October 1, 2010, plaintiff took his vehicle to defendants' business regarding problems with the transmission. Defendants replaced the transmission in plaintiff's vehicle. When plaintiff went to retrieve his vehicle around October 11, 2010, defendants insisted on payment through cash or certified check instead of credit or debit card. Plaintiff was unable to pay for his vehicle by cash or certified check, and, without payment, defendants would not release the vehicle. On November 10, 2010, plaintiff filed a complaint in the circuit court of Kankakee County against defendants, alleging claims for replevin, injunctive relief, fraud in the inducement of a contract, violation of the Automotive Repair Act (815 ILCS 306/1 *et seq.* (West 2014)), consumer fraud, breach of contract, violation of Title III of the Civil Rights Act of 1964 (42 U.S.C. § 1981 (1994)), and theft by conversion. Plaintiff subsequently voluntarily dismissed the complaint without prejudice.

¶ 4        Plaintiff then filed a complaint in the United States District Court for the Northern District of Illinois on January 14, 2011, regarding the same underlying facts and transaction. The complaint asserted claims for deprivation of civil rights, violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2014)), common law fraud, and declaratory and injunctive relief. On January 14, 2014, the district court granted defendants' motion for summary judgment regarding the deprivation of civil rights claim and declined to exercise supplemental jurisdiction over the remaining claims, thus dismissing the remainder of plaintiff's complaint.

¶ 5        Plaintiff then filed another complaint against defendants in the circuit court on July 14, 2014, which is the subject of this appeal, alleging claims for violation of the Consumer Fraud and Deceptive Business Practices Act, common law fraud, and declaratory and injunctive relief. Again, the complaint was based on the same underlying facts as the prior two complaints. Defendants filed a motion to dismiss, asserting that section 13-217 of the Code (735 ILCS 5/13-217 (West 2014)) does not allow successive refiling of the same action. The circuit court denied the motion on October 13, 2015, stating:

> "I do not think the intent of the statute or the case law was to provide for when a dismissal occurs in a non-voluntary fashion such as the case being dismissed out of the federal court in an essence more or less saying get your relief from the federal court. I don't think the intent of the statute was to preclude them being able to file at this point in time."

In denying defendants' motion to reconsider, the court made a finding pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016), certifying a question of law for interlocutory appeal.

¶ 6                                                ANALYSIS

¶ 7          The certified question before us on appeal is:

             "Whether a Plaintiff can re-file an action in the State Court that was previously filed in
             the State Court and voluntarily dismissed without prejudice; and subsequently re-filed
             in the Federal District Court whereupon the Court granted Summary Judgment on the
             Federal Jurisdictional count and declined to exercise Supplemental Jurisdiction over
             Plaintiff's remaining State Law claims and dismissed the Federal Case."

      Stated another way, can plaintiff file a third complaint against defendants in the circuit court
      where he previously (1) filed and voluntarily dismissed a complaint in the circuit court and (2)
      refiled the complaint in federal court, which the court dismissed. Because Illinois courts have
      interpreted section 13-217 of the Code as only allowing one refiling of a complaint based on
      the same underlying facts, we answer the certified question in the negative. The fact that one of
      the dismissals was voluntary and the other was by the federal court does not change our
      conclusion.

¶ 8          Section 13-217 of the Code states:

             "In the actions specified in Article XIII of this Act or any other act or contract where
             the time for commencing an action is limited, if judgment is entered for the plaintiff but
             reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in
             arrest of judgment, the judgment is entered against the plaintiff, or the action is
             voluntarily dismissed by the plaintiff, or the action is dismissed for want of
             prosecution, or the action is dismissed by a United States District Court for lack of
             jurisdiction, or the action is dismissed by a United States District Court for improper
             venue, then, whether or not the time limitation for bringing such action expires during
             the pendency of such action, the plaintiff, his or her heirs, executors or administrators
             may commence a new action within one year or within the remaining period of
             limitation, whichever is greater, after such judgment is reversed or entered against the
             plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is
             dismissed for want of prosecution, or the action is dismissed by a United States District
             Court for lack of jurisdiction, or the action is dismissed by a United States District
             Court for improper venue."[1] 735 ILCS 5/13-217 (West 1994).

      Though this section provides plaintiffs with the absolute right to refile their complaint within
      one year or within the remaining period of limitations when, as here, plaintiff voluntarily
      dismissed his complaint, it was not intended to permit multiple refilings. *Timberlake v. Illini
      Hospital*, 175 Ill. 2d 159, 163 (1997). The Illinois Supreme Court has interpreted this statute as
      permitting "one, and only one," refiling of a claim. *Flesner v. Youngs Development Co.*, 145
      Ill. 2d 252, 254 (1991).

¶ 9          We find *Timberlake* particularly applicable to this case. In *Timberlake*, the plaintiff filed a
      complaint against the defendant in the circuit court and then voluntarily dismissed that
      complaint. *Timberlake*, 175 Ill. 2d at 160. The plaintiff subsequently refiled her complaint in
      the federal district court. *Id.* at 161. The district court granted summary judgment on one of her
      claims and found that it could not exercise supplemental jurisdiction over the plaintiff's state

      ───────────────────
             [1]We note that this section was amended by Public Act 89-7, § 15 (eff. Mar. 9, 1995), which was
      held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179
      Ill. 2d 367 (1997). We therefore refer to the language of the statute as it existed prior to the amendment.

                                                   - 3 -

law claims. *Id.* The plaintiff then refiled her cause of action in the circuit court, which dismissed her cause of action on the basis that section 13-217 of the Code did not authorize her to renew her action. *Id.* at 162. Our supreme court upheld the dismissal of the plaintiff's action, stating that section 13-217 only allowed one refiling, which the plaintiff exercised when filing the complaint in the district court. *Id.* at 164. The court further stated that "[n]o matter why the second dismissal took place, the statute does not give plaintiff the right to refile again." *Id.* at 165.

¶ 10        The facts here are indistinguishable from *Timberlake*. Plaintiff filed a complaint against defendants in the circuit court, voluntarily dismissed it, and then refiled in the district court. The district court granted summary judgment on one of the claims and refused to exercise supplemental jurisdiction over the state claims. Plaintiff then refiled the complaint in the circuit court. All three of the complaints contemplated the same set of facts. Plaintiff exercised his one opportunity to refile his complaint when he filed it in the district court. *Id.* at 164.

¶ 11        The dissent, in addition to making an argument that plaintiff does not make, relies on a complaint outside of the record for the proposition that plaintiff did not name J&J Transmissions, *Inc.*, as a defendant in the 2010 complaint. *Infra* ¶ 20. Not so. First, we observe that we may take judicial notice of court records. *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976). Viewing the complaint in Kankakee County case No. 10-L-145, we find that J&J Transmissions, Inc., *was* named as a defendant. The caption of the complaint includes J&J Transmissions as a defendant, but does not include "Inc." after the name. Though the caption of the case does not include the corporation status of J&J Transmissions, the body of the complaint does. Specifically, section six under the heading "Parties" states:

> "Defendant J & J TRANSMISSION, INC. is a corporation in Illinois doing business as MR. TRANSMISSION at the retail location of 860 Armour Rd. Bourbonnais Illinois, Kankakee County, 60914, and is subject to the jurisdiction of the Illinois Circuit Court. The agent of record for this corporation is John R. Giblin he may be served at 860 Armour Rd. Bourbonnais Illinois, Kankakee County, 60914."

"J & J Transmissions, Inc.," is further named in the first paragraph of the complaint. Section 2-401(c) of the Code requires that "[a] party shall set forth in the *body* of his or her pleading the names of all parties for and against whom relief is sought thereby." (Emphasis added.) 735 ILCS 5/2-401(c) (West 2014). By including the corporation status of J&J Transmissions in the body of the complaint, plaintiffs complied with this rule. Thus, J&J Transmissions, Inc., was properly named as a defendant. This is undoubtedly why plaintiff/appellee does not make the argument raised by the dissent.

¶ 12                                                      CONCLUSION

¶ 13        We answer the certified question "no." We note that "[w]here an appeal involves a certified question, a reviewing court has the authority to enter any judgment and make any order that ought to have been given or made and to make any other orders and grant any relief that may be required." (Internal quotation marks omitted.) *Meyers v. Underwood*, 316 Ill. App. 3d 970, 992 n.7 (2000); *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 193 (1995). We therefore reverse and remand for the trial court to dismiss the case with prejudice.

¶ 14    Certified question answered; reversed and remanded with directions.

¶ 15    JUSTICE WRIGHT, dissenting.

¶ 16    The Rule 308 petition we allowed in this case did not request this court to rule on the underlying motion to reconsider. Instead, we were asked to exercise our jurisdiction to address one specific question related to the single refiling rule in light of the outcome of the federal lawsuit. I respectfully disagree with the majority's view that the certified question, as written, provides enough procedural history to allow this court to dictate the outcome of the underlying motion to reconsider Judge Wenzelman's decision allowing the 2014 complaint to go forward.

¶ 17    Having provided the trial court with well-reasoned guidance on the single refiling rule in the context of the federal court's dismissal, I contend our job is done. With this context in mind, I respectfully dissent. I disagree that this court should direct the trial court concerning the outcome of the underlying motion. Again, respectfully, I submit the majority's approach exceeds the scope of our limited task in this case. See *Razavi v. Walkuski*, 2016 IL App (1st) 151435, ¶ 8.

¶ 18    Without dictating the outcome of the pending motion to reconsider, I submit there is room for a well-reasoned and respectful debate over whether Judge Wenzelman correctly focused on the absence of inconvenience to the corporation as the reason to deny the corporation's request to dismiss the 2014 complaint with prejudice.

¶ 19    I suggest that the underlying motion to reconsider cannot be fairly resolved on the merits without a careful comparison of all three complaints and the inconvenient consequences, if any, arising from each separate lawsuit. Here, the corporate defendant, J&J Transmissions, Inc., filed only two appearances in the lawsuits initiated by plaintiff—the federal lawsuit, first, and the instant 2014 case, second. Arguably, the corporation's *first* appearance relative to this transaction arose from the federal lawsuit.

¶ 20    I respectfully observe the caption of the first lawsuit initiated by plaintiff did not name J&J Transmissions, *Inc.*, as a defendant. See *Guiffrida v. Boothy's Palace Tavern, Inc.*, 2014 IL App (4th) 131008, ¶ 56 ("A complaint naming a different defendant is a separate action for purposes of section 13-217."); see also *HSBC Bank, N.A. v. Adams*, 2015 IL App (1st) 131903-U, ¶ 38 (recognizing an exception to the "one refiling" rule where multiple filings involve different defendants); *Hendricks v. Victory Memorial Hospital*, 324 Ill. App. 3d 564, 566 (2001) (the savings clause is inapplicable in the case of a defendant who was a stranger to the original action); *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136, 140 (1994) (noting that the identity of the defendant is "an essential element of an 'action' " for purposes of section 13-217, and thus, "a complaint against a different defendant, even if based on the same facts supporting a right to relief, would constitute a separate 'action' "). Whether this omission has consequences in this case is for the trial court to determine.

¶ 21    For these reasons, I respectfully dissent from this decision that reaches the merits of the underlying motion.