2024 IL App (1st) 230995

First District
Third Division
December 18, 2024

Nos. 1-23-0995, 1-23-1925 (cons.)

|  |  |  |
|---|---|---|
| SP CONSULTING, INC., an Illinois Corporation; and SUPRA GROUP, LLC d/b/a Supra Group LLC Series 1, | ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| v. | ) ) | No. 16 L 12534 |
| EXCELEO BUSINESS CONSULTING, INC., an Illinois Corporation; PARIDAS GOVINDASAMY, Individually and as Agent, Servant, or Employee of Sybass, Inc., and Sysuniverse, Inc.; SYBASS, INC., an Illinois Corporation; SYSUNIVERSE, INC., an Illinois Corporation; and VIJAY GUPTA, Individually and as Agent, Servant, or Employee of Exceleo Business Consulting, Inc., | ) ) ) ) ) ) ) ) ) ) ) | The Honorable Michael F. Otto, Judge Presiding. |
| Defendants-Appellees. | ) ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Martin and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2016, plaintiffs SP Consulting, Inc. (SP Consulting), and Supra Group, LLC (Supra Group), filed a multicount lawsuit against a number of defendants. After engaging in motion practice and discovery, the case was placed on the trial call in late 2019, with a trial date of May 26, 2020. Due to the COVID-19 pandemic and the resultant court closures, trial did not occur at that time. Eventually, in December 2021, the circuit court ordered the case transferred to the presiding judge to be again placed on the trial call. For unknown reasons, despite the court's order, the case was never placed on the trial call.

¶ 2    In March 2023, the circuit court dismissed the lawsuit for want of prosecution (DWP). Plaintiffs timely filed a motion to vacate the DWP order and reinstate the case, but the circuit court denied the motion. Plaintiffs then filed a motion to reconsider, which was similarly denied. Plaintiffs now appeal, contending that the circuit court erred in denying their motions to vacate the DWP order and for reconsideration. For the reasons set forth below, we reverse the circuit court's judgment with respect to SP Consulting but dismiss the appeal with respect to Supra Group.

¶ 3                                    BACKGROUND

¶ 4                                     *Lawsuit*

¶ 5    In December 2016, plaintiffs filed a lawsuit against defendants, stemming from a business transaction in which plaintiffs agreed to purchase a large number of shares of stock in a certain Indian corporation in connection with a proposed partnership with defendants whereby plaintiffs would sell defendants' software products.[1] According to the complaint, however, defendants never actually owned the stock, and the software products they provided to plaintiffs to sell were "fake and/or immature." The complaint included counts for breach of contract, rescission, fraud, unjust enrichment, and civil conspiracy, and sought relief including the return of plaintiffs' $143,612.70 investment, as well as $600,000 they lost as a result of the flawed products provided by defendants.

¶ 6    After the completion of motion practice and discovery, on December 19, 2019, the circuit court set the matter for a bench trial on May 26, 2020. The COVID-19 pandemic, however, prevented the trial from occurring at that time.

---

[1] We note that plaintiff SP Consulting had previously filed a similar suit in 2014, which it voluntarily dismissed prior to refiling it in the instant case.

¶ 7    On October 21, 2021, the circuit court entered an order on the court's own motion, setting the matter for status on November 19, 2021. At the November 19, 2021, court date, with plaintiffs' counsel present, the circuit court set the matter "for status on trial certification" on December 16, 2021. On December 16, 2021, the circuit court certified the matter for trial and ordered that "[t]his matter is transferred *instanter* to Courtroom 2005 for trial setting."

¶ 8    No further proceedings occurred in the case until, on March 9, 2023, the circuit court entered an order, providing: "By Agreed Order of December 16, 2021, the above-captioned case was certified for trial and transferred to Law Division Courtroom 2005 for trial setting. No activity having occurred in the matter since that date, the mater [*sic*] is dismissed for want of prosecution."

¶ 9    *Motion to Vacate DWP*

¶ 10    On April 4, 2023, plaintiffs filed a motion to vacate the DWP order and to set the matter for trial. Plaintiffs indicated that, in September 2022,[2] their counsel noticed that the matter had never received a trial-setting date from the presiding judge pursuant to the circuit court's December 16, 2021, order. After inquiring at the courthouse, counsel was informed that the order had been received by the presiding judge's clerk, but that the matter had not been scheduled for a trial-setting date. The clerk further indicated that, to set the matter for trial, a new motion would be required. Due to multiple personal and professional obligations in the fall and early winter of 2022, plaintiffs' counsel first sent a proposed motion to defendants' counsel in January 2023. According to the motion to vacate, "[t]hereafter there was some confusion about whether the motion had to be noticed in front of" the presiding judge or the

---

[2] In their motion to reconsider, plaintiffs indicated that the September 2022 date was in error and that counsel had actually discovered the issue in November 2022.

judge who had entered the December 16, 2021, order. As no motion had been filed, the matter was ultimately dismissed on March 9, 2023, when the circuit court entered the DWP order. The motion to vacate claimed, however, that counsel for the parties "are and have been ready to move forward and receive a trial date." Accordingly, the motion to vacate requested that the DWP order be vacated, the case reinstated, and a trial date be set.

¶ 11 On May 1, 2023, the circuit court denied plaintiffs' motion to vacate the DWP order. First, the circuit court noted that the motion to vacate was unsupported by affidavit, and that "[t]he motion could be denied for this reason alone." The circuit court additionally noted that even if supported by affidavit, there was no cause shown for the lengthy period of inactivity, and that "[i]t would have been a simple matter" for plaintiffs' counsel to appear in courtroom 2005 on December 16, 2021, when the case was transferred for trial-setting; to inquire about the procedure for obtaining a trial date; or to file a motion to bring the matter to the presiding judge's attention. Instead, the circuit court found that "counsel did nothing for 10 months. Even then, counsel never filed a motion or took any action of record to move the case forward. Instead, counsel spoke to one clerk and, four months later, emailed to defense counsel a draft motion—which defense counsel approved as to form in less than two hours. Plaintiff's [*sic*] counsel never filed the motion during the nearly two months before the court DWP'd the matter." Finally, the circuit court noted that the delay came after the case had been pending for five years, not counting an additional two years in the previous litigation. As such, the circuit court declined to exercise its discretion to vacate the DWP order. While it "acknowledge[d], and indeed endorse[d]," the principle that cases should be decided on their merits, the circuit court noted that defendants also had interests, and that, "[a]t some point, it is fair to conclude

that the defendants should not continue to suffer under the cloud of a litigation that plaintiffs have shown no interest in moving forward."

¶ 12 Plaintiffs filed a motion to reconsider on May 30, 2023, which was supported by affidavit. Plaintiffs, however, did not file a notice of motion or serve the motion on defendants until July 31, 2023; the notice of motion indicated that the motion would be heard on September 12, 2023. Plaintiffs also filed a notice of appeal in appeal No. 1-23-0995, appealing the March 9, 2023, DWP order and the May 1, 2023, denial of the motion to vacate.

¶ 13 On September 20, 2023, the circuit court denied plaintiffs' motion to reconsider "pursuant to Cook County Circuit Court Rule 2.3." On October 20, 2023, plaintiffs filed a notice of appeal in appeal No. 1-23-1925, appealing the September 20, 2023, order.

¶ 14 We consolidated the two appeals on plaintiffs' motion on December 26, 2023. Defendants have chosen not to file a brief on appeal, so we consider the matter on plaintiffs' brief and the record alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 15 ANALYSIS

¶ 16 On appeal, plaintiffs contend that the circuit court erred in denying their motion to vacate the DWP order and their motion to reconsider.

¶ 17 *Appellate Jurisdiction*

¶ 18 As an initial matter, we must address our jurisdiction to consider plaintiffs' claims on appeal. See *In re J.B.*, 204 Ill. 2d 382, 388 (2003) (a reviewing court has the duty to consider its jurisdiction *sua sponte* if not raised by the parties). A DWP order is generally not a final and appealable order, as section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-

217 (West 1994)[3]) provides a plaintiff the opportunity to refile the action within one year of the entry of the order or until the expiration of the applicable statute of limitations, whichever is longer. *Galaviz v. Mietus Restoration, Inc.*, 2023 IL App (1st) 220514, ¶ 30; see also *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 501-02 (1998). Accordingly, during the time in which a plaintiff retains the right to refile the action, neither the DWP order itself nor an order denying a motion to vacate the DWP order is final and appealable. See *Flores v. Dugan*, 91 Ill. 2d 108, 111-12 (1982) (finding that there was no appellate jurisdiction to consider the denial of the plaintiffs' petition to vacate a DWP order where the plaintiffs retained the right to refile the case); *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 31 (same). It is only when the time for refiling expires that the DWP order becomes a final judgment. *S.C. Vaughan*, 181 Ill. 2d at 502.

¶ 19      As SP Consulting previously filed a lawsuit against the same defendants in 2014, which was voluntarily dismissed, the instant case represents the second filing pursuant to section 13-217. Section 13-217 of the Code permits only one refiling. *Galaviz*, 2023 IL App (1st) 220514, ¶ 38; see also *Gendek v. Jehangir*, 119 Ill. 2d 338, 343-44 (1988); *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 253 (1991). Therefore, the DWP order entered by the circuit court in the instant case was final upon its entry with respect to SP Consulting, as it no longer had the opportunity for refiling under section 13-217. See *Mann v. Upjohn Co.*, 324 Ill. App. 3d 367, 376 (2001) (denial of motion to vacate DWP was final and appealable where the plaintiff had already refiled the lawsuit once pursuant to section 13-217).

---

[3] Public Act 89-7, which amended section 13-217 of the Code effective March 1995 (Pub. Act 89-7 (eff. Mar. 9, 1995)), was held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the effective version of section 13-217 of the Code is the version in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008); *Eighner v. Tiernan*, 2021 IL 126101, ¶ 1 n.1.

¶ 20 With respect to plaintiff Supra Group, however, the answer is less clear. Supra Group was not a named plaintiff in the 2014 lawsuit, so the instant lawsuit represents the first time it has been a party. At first glance, then, it appears that section 13-217 would not apply, as the instant complaint cannot serve as a "refiling" of an earlier, voluntarily dismissed, lawsuit. In this case, however, Supra Group seems to be involved in the lawsuit only in its capacity as an agent of SP Consulting. Indeed, there does not appear to be any aspect of the lawsuit which is specific to Supra Group alone.

¶ 21 In determining whether a case is a "refiling" for purposes of section 13-217, our courts have looked to the principles of *res judicata*. See, *e.g.*, *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 18; *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 21. This analysis, however, has typically focused on the determination of whether the two lawsuits "assert the same cause of action." *Cobo*, 2018 IL 123038, ¶ 18. While general principles of *res judicata* include the consideration of identity of parties (see *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008)), we have found no case in which a court has discussed the precise issue here, namely, whether section 13-217 applies where the "refiled" complaint was filed by a party *in privity with* the original plaintiff, as opposed to being filed by the original plaintiff itself. In *Cobo*, our supreme court considered a mortgage foreclosure case in which the original complaint was filed by one plaintiff, but later complaints were filed by the plaintiff's successor in interest. *Cobo*, 2018 IL 123038, ¶ 7. In that case, however, it was the successor which moved for a voluntary dismissal, and the successor simply stepped into the predecessor's shoes. See *id.* Here, by contrast, Supra Group represents an additional plaintiff, not a substitute.

¶ 22 We find more instructive the analysis in *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136 (1994). There, after voluntarily dismissing their initial complaint, the plaintiffs filed

another action based on the same incident, this time naming a different defendant. *Id.* at 138. In determining whether this represented a "refiling" under section 13-217, the appellate court considered whether the new complaint constituted a new "action." *Id.* at 140. The court found that the identity of the defendant was "an essential element" of an action and, "[t]hus, a complaint against a different defendant, even if based on the same facts supporting a right to relief, would constitute a separate 'action.' " *Id.* Accordingly, the complaint against the new defendant did not constitute a "refiling" of the original action for purposes of section 13-217. *Id.*

¶ 23        Similarly, in the case at bar, Supra Group was not a plaintiff in the original lawsuit. While the basis of both lawsuits may be largely identical, the fact remains that Supra Group was a stranger to the original lawsuit, and therefore cannot be said to have had any part in its voluntary dismissal. As the instant lawsuit represents the first time Supra Group has been involved in the litigation, the DWP order in the instant case was not a final order with respect to Supra Group, as it had the right to refile its lawsuit pursuant to section 13-217. Accordingly, as we have explained, we have no jurisdiction to consider the propriety of the DWP order or the denial of the motion to vacate it. See *S.C. Vaughan*, 181 Ill. 2d at 502; see also *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999) (appellate court had no jurisdiction where, at the time of the filing of the notice of appeal, the plaintiff's right to refile under section 13-217 had not yet expired).

¶ 24        Moreover, the nonfinality of the DWP order with respect to Supra Group affects our jurisdiction to consider the circuit court's denial of the motion to vacate the DWP order with respect to SP Consulting. As the circuit court's order did not finally dispose of the rights of all parties, the order was only appealable with respect to SP Consulting if the circuit court had

made the appropriate findings under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). See *People ex rel. Ryan v. Rude Way Enterprises, Inc.*, 326 Ill. App. 3d 959, 961-62 (2001) (in the absence of Rule 304(a) language, order dismissing several counts of complaint was not appealable until time for refiling remaining count, which had been subject to a DWP order, had expired). The circuit court's order, however, did not do so, containing only a finding that "[t]his is a final Order." Thus, we would typically lack jurisdiction to consider the denial of the motion to vacate the DWP order even with respect to SP Consulting.

¶ 25    Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), however, contains a "savings" provision which we find applicable to the case at bar. Under Rule 303(a)(2), where a timely postjudgment motion has been filed by a party, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, *or before the final disposition of any separate claim*, becomes effective *when the order disposing of said motion or claim is entered*." (Emphases added.) *Id.* In this case, the DWP order became final with respect to Supra Group upon the expiration of the section 13-217 refiling period[4] and, at that point, all claims against all parties were resolved. The notice of appeal filed by SP Consulting, therefore, became effective on the same day, and we have jurisdiction to consider its claims on appeal. See *In re Marriage of Valkiunas*, 389 Ill. App. 3d 965, 968 (2008) (under Rule 303(a)(2), "the notice of appeal 'becomes' effective on the date the impediment to our jurisdiction is removed").

---

[4] The one-year refiling period set forth in section 13-217 expired on May 1, 2024, one year from the date the motion to vacate was denied. See *Rude Way*, 326 Ill. App. 3d at 962 (one-year refiling period begins to run when circuit court ruled on the motion to vacate the DWP). While the 10-year statute of limitations for breach of contract actions extended that refiling period slightly further (see 735 ILCS 5/13-206 (West 2016)), to May 23, 2024, that date has also since passed.

¶ 26                                    *Motion to Vacate*

¶ 27         On appeal, SP Consulting first contends that the circuit court erred in denying its motion

to vacate the DWP order. Section 2-1301(e) permits the circuit court, in its discretion, to set

aside "any final order or judgment upon any terms and conditions that shall be reasonable" in

response to a motion filed within 30 days after entry of the final order or judgment. 735 ILCS

5/2-1301 (West 2022). "Whether to grant or deny a motion under section 2-1301 is within the

sound discretion of the trial court, and its decision will not be reversed absent an abuse of

discretion or a denial of substantial justice." *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548

(2008). The "primary concern" in ruling on a motion to vacate is "whether substantial justice

is being done between the litigants and whether it is reasonable under the circumstances to

proceed to trial on the merits." *Marren Builders*, 307 Ill. App. 3d at 941 (citing *Merchants*

*Bank v. Roberts*, 292 Ill. App. 3d 925, 930 (1997)). Other factors which a court may consider

include the presence of a meritorious defense, due diligence, the severity of the penalty, and

the hardship to the nonmovant if required to proceed to trial. *Mann*, 324 Ill. App. 3d at 377.

The requesting party, however, "need not necessarily show a meritorious claim or defense and

a reasonable excuse for failing to timely assert it," as required for a petition under section 2-

1401 of the Code. *Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 12

(citing *In re Haley D.*, 2011 IL 110886, ¶ 57). Instead, the circuit court should consider all

events leading up to the judgment, and what is just and proper must be determined by the facts

of each case; there is no hard and fast rule applicable to all situations. *Mann*, 324 Ill. App. 3d

at 377. "The guiding principle is to prevent dismissal when it would be unfair, unjust, and

inequitable." *Id.* (citing *Kirk v. Michael Reese Hospital & Medical Center*, 275 Ill. App. 3d 170, 173 (1995)).

¶ 28    In this case, the circuit court set forth several reasons for denying SP Consulting's motion to vacate. First, the circuit court noted that the motion to vacate was unsupported by affidavit, and that "[t]he motion could be denied for this reason alone." We note, however, that there is no requirement under section 2-1301 that a motion to vacate be supported by affidavit. While a petition pursuant to section 2-1401 of the Code "must be supported by affidavit or other appropriate showing as to matters not of record" (735 ILCS 5/2-1401(b) (West 2022)), no such requirement applies to a motion to vacate filed pursuant to section 2-1301. See *Tomei*, 2014 IL App (2d) 130652, ¶ 12 (comparing requirements under sections 2-1301 and 2-1401). The lack of an affidavit, then, does not support the denial of the motion to vacate in the instant case.

¶ 29    The circuit court also found that plaintiffs had failed to exhibit diligence in prosecuting the matter. It found that there was no cause shown for the lengthy period of inactivity, and that "[i]t would have been a simple matter" for plaintiffs' counsel to appear in courtroom 2005 on December 16, 2021, when the case was transferred for trial-setting; to inquire about the procedure for obtaining a trial date; or to file a motion to bring the matter to the presiding judge's attention. Instead, the circuit court found that "counsel did nothing for 10 months. Even then, counsel never filed a motion or took any action of record to move the case forward. Instead, counsel spoke to one clerk and, four months later, emailed to defense counsel a draft motion—which defense counsel approved as to form in less than two hours. Plaintiff's [*sic*] counsel never filed the motion during the nearly two months before the court DWP'd the matter." Finally, the circuit court noted that the delay came after the case had been pending for five years, not counting an additional two years in the previous litigation.

¶ 30 While we acknowledge the circuit court's concern about the length of inactivity preceding the entry of the DWP order, we cannot find that plaintiffs' conduct warranted the denial of the motion to vacate. At the time that the circuit court entered its December 16, 2021, order transferring the matter to the presiding judge for trial-setting, the circuit court of Cook County was in the process of resuming operations after the closures caused by the COVID-19 pandemic. The pandemic was an unprecedented event, which resulted in understandable confusion as the courts—and the litigants—were required to organize a backlog of cases which, in some instances, had been pending for several years. The instant case, unfortunately, seemed to slip through the cracks, with the matter never being set on the presiding judge's calendar for unknown reasons. In this context, however, we cannot say that plaintiffs "should" have taken any particular course of action. While, in hindsight, plaintiffs' counsel could have taken any of the avenues suggested by the circuit court—*i.e.*, appearing in the presiding judge's courtroom on December 16, 2021, contacting his staff, or filing a motion—we cannot find that counsel would have necessarily been aware that the delay was unusual while the courts were in the midst of resolving the pandemic backlog.

¶ 31 We also note that, once plaintiffs' counsel became aware that there was a problem, he contacted the circuit court and, upon speaking with a clerk, drafted a motion to request a trial date. While the circuit court correctly observed that the drafting of this motion took a considerable length of time—and was ultimately not filed prior to the entry of the DWP order—this nevertheless indicates that plaintiffs did not intend to abandon the case. We further recognize that one of the issues raised in the motion to vacate, namely, the question of which courtroom to address the motion to, was entirely reasonable. The actions of plaintiffs' counsel,

then, do not suggest that plaintiffs "ha[d] shown no interest in moving forward" with the litigation, as the circuit court found.

¶ 32    As noted, in resolving a motion to vacate, "[t]he guiding principle is to prevent dismissal when it would be unfair, unjust, and inequitable." *Id.* (citing *Kirk*, 275 Ill. App. 3d at 173). Under the circumstances of this case, we agree with SP Consulting that denying its motion to vacate the DWP order leads to an unjust result and, accordingly, reverse the circuit court's denial of the motion to vacate.

¶ 33                              *Motion to Reconsider*

¶ 34    As we have determined that the circuit court erred in denying SP Consulting's motion to vacate the DWP order, we have no need to consider whether the circuit court properly denied its motion to reconsider.

¶ 35                              CONCLUSION

¶ 36    For the reasons set forth above, we reverse the circuit court's denial of the motion to vacate the DWP order with respect to plaintiff SP Consulting. With respect to plaintiff Supra Group, however, the appeal is dismissed for lack of jurisdiction.

¶ 37    Reversed in part and dismissed in part.

*SP Consulting, Inc. v. Exceleo Business Consulting, Inc.*, **2024 IL App (1st) 230995**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16 L 12534; the Hon. Michael F. Otto, Judge, presiding. |
| **Attorneys for Appellants:** | James A. Karamanis and Kenneth A. Nazarian, of Barney & Karamanis, LLP, of Chicago, for appellants. |
| **Attorneys for Appellees:** | No brief filed for appellees. |