2021 IL App (1st) 200548-U

THIRD DIVISION
September 8, 2021

No. 1-20-0548

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SELLARS VINES, II, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant | ) | Cook County |
| | ) | |
| v. | ) | No. 18 L 5226 |
| | ) | |
| TERENCE FIORENZO | ) | Honorable |
| | ) | Christopher E. Lawler |
| Defendant-Appellee | ) | Judge Presiding |
| | ) | |

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. *Res judicata* barred lawsuit. Trial court did not abuse discretion in denying leave to amend complaint, as amendment would have been futile.

¶ 2    This case involves two different lawsuits arising out of the same incident, one filed in 2014 (the 2014 Action) and the one under review in this appeal (at times, the 2018 Action).

¶ 3                                Background

¶ 4    On March 28, 2014, fourteen-year-old Sellars Vines, II (plaintiff) was studying with his friends at the Flossmoor Public Library in the Village of Flossmoor when it closed, and the library staff instructed the group to wait outside for their rides home. To stay warm, the group

stood on metal grates covering a ventilation shaft that released hot air. The grate on which plaintiff stood had been improperly positioned and had bent flanges, causing it to not sit flush on the concrete lip supporting the grate. That grate then collapsed under plaintiff's weight, and he fell twenty feet to the bottom of the ventilation vault, resulting in injuries.

¶ 5                                    I.  The 2014 Action

¶ 6     Because he was a minor at the time, plaintiff's parents, Sylvia Vines and Sellars Vines, filed suit on his behalf in April 2014 against the Village of Flossmoor, later adding the Flossmoor Library (Library) as a defendant. Among the causes of action were negligence and willful and wanton conduct.

¶ 7     The trial court dismissed the willful and wanton count for insufficient pleading. Later, the defendants moved for summary judgment on the negligence count. Arguing against summary judgment, plaintiff's parents claimed that the Library's maintenance technician, Terrance Fiorenzo, had improperly positioned the grate and created a dangerous condition.

¶ 8     The trial court entered summary judgment in favor of the defendants on the negligence count. The court ruled that the Library was recreational property and thus was covered under section 3-106 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, which immunized the defendants from liability for negligence. The trial court also ruled that, even had section 3-106 not applied, section 3-102 of that act required that a public entity have notice of an unsafe condition as a prerequisite to finding a legal duty, but there was no evidence of actual or constructive notice. As the trial court put it:

> "[T]here is no evidence of actual notice, as there were no complaints to the Library and no prior injuries. Further, the maintenance man, Mr. Fiorenzo, did not see any problems with the grates or observe that they were not flush with the ground, open, or unstable.

There is also no evidence as to how long the grate was moved or ajar or otherwise defective."

¶ 9    Plaintiff's parents then filed a motion for reconsideration and a motion for leave to file an amended complaint that, notably, included claims of willful and wanton conduct against the Library. In each motion, plaintiff's parents claimed that Fiorenzo created the condition that caused plaintiff to fall. The trial court denied both motions, explaining:

"In this case, as there is no evidence of notice, there is no duty. Additionally, while the Plaintiffs argue that no evidence of notice is required where the Defendant has caused or created the condition, the evidence in the record does not demonstrate that the Library or its employee Mr. Fiorenzo caused or created the condition. As such, there is no point in allowing an amended pleading as to the claim of willful and wanton conduct."

¶ 10    Plaintiff's parents appealed, arguing again that Fiorenzo created the dangerous condition, but the appeal was untimely. As a result, this court dismissed their appeal. See *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339, ¶ 19.

¶ 11                              II.  The 2018 Action Under Review

¶ 12    In May 2018, plaintiff himself, no longer a minor, filed suit against Terence Fiorenzo over the same occurrence. The complaint asserted two counts claiming willful and wanton conduct, with the first count labeled "maintenance" and the second labeled "use." Plaintiff alleged, as he did in the 2014 Action, that Fiorenzo, as an employee of the Library, inspected, maintained, and altered the conditions of the grate. Plaintiff also claimed that Fiorenzo was the last person to remove the grate, and that the gate was unlevel and its flanges bent. Thus, Fiorenzo created a dangerous condition by improperly re-installing the grate and was willful and wanton by continuing to use the grate and failing to report, replace, or warn about the bent flanges.

¶ 13    The trial court judge dismissed this lawsuit on the basis of *res judicata*, finding that both the claims and the parties were identical in each action. Plaintiff moved to reconsider and sought leave to file an amended complaint. The trial court denied both motions. This appeal followed.

¶ 14                                    ANALYSIS

¶ 15    Plaintiff raises several points of error regarding the dismissal of his complaint, but for our purposes we need only focus on one—the ruling that *res judicata* bars this lawsuit.

¶ 16    A motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's claim but allows for dismissal of the claim due to defects or defenses outside the pleadings that defeat the claim. *See v. Illinois Gaming Bd.,* 2020 IL App (1st) 192200, ¶ 10. The reviewing court should view the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* Our review of a section 2-619 dismissal is *de novo*, meaning we are not required to give any deference to the trial court's reasoning. *Id.*

¶ 17                                  I. Res Judicata

¶ 18    The doctrine of *res judicata* prevents a multiplicity of lawsuits between the same parties when the facts and issues are the same. *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 22. Under this doctrine, "a final judgment on the merits rendered by a 'court of competent jurisdiction' bars a later suit between the same parties involving the same cause of action." *Id.* For *res judicata* to apply, three requirements must be met: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). *Res judicata* bars not only what *was* decided in the original action but what *could have been* decided. *Id.*

¶ 19    Plaintiff does not challenge the first element of *res judicata* but argues that the second

and third elements are not met here. We start with the second element, identity of causes of action. Plaintiff says the 2014 Action was a premises-liability action against the Flossmoor Public Library, whereas the 2018 Action is based on Fiorenzo's individual and specific willful and wanton conduct.

¶ 20    Illinois courts have adopted the transactional test for determining whether causes of actions are the same for purposes of *res judicata*. *Carlson*, 2016 IL App (1st) 143853, ¶ 25. Under that test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they seek different theories of relief." *Id.*

¶ 21    We agree with the circuit court that the causes of action were identical. Each lawsuit arises out of the same incident at the Library, where plaintiff fell through the grate, and each alleges essentially the same wrongdoing (failure to secure, repair, or warn of the faulty grate) that resulted in the same injuries to plaintiff. They clearly arise out of the same group of operative facts and are, for our purposes, identical. Labelling the theory of one case "premises liability" and the other "willful and wanton" does not change this fact.

¶ 22    The third element of *res judicata* requires that the parties or their privies are identical in each action. Privity exists when the parties adequately represent the same legal interest. *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 62. "[W]hen a prior judgment is a bar to a claim against an employer, a claim against an employee, predicated upon the same acts, is also barred." *Ross Advertising, Inc. v. Heartland Bank & Trust Co.*, 2012 IL App (3d) 110200, ¶ 35 (quoting *Bonanno v. La Salle & Bureau County Railroad Co.*, 87 Ill. App. 3d 988, 995 (1980)).

¶ 23    Thus, in *Ross*, a suit against a bank's loan officer, Shafer, was barred by *res judicata*

because the plaintiff had previously litigated a suit over the same transaction against the bank, Heartland. See *id*. We honored the long-held view that "as an employee of Heartland, Shafer is in privity with Heartland for purposes of *res judicata*." *Id*. Likewise, doctors named in a second lawsuit, who were employees of named defendants (a pediatric practice and a hospital, Michael Reese) from the first lawsuit, were privies to those original defendants and could not be sued later based on the same conduct. *Neuberg v. Michael Reese Hospital & Medical Center,* 118 Ill. App. 3d 93, 100 (1983) (plaintiff's "attempt to name additional [employee] defendants to avoid the applicability of the doctrine of *res judicata* " was "without legal effect"). And a new lawsuit litigating the same dispute against a corporation's officers and directors was barred, given the disposition of an earlier lawsuit naming the corporation as a defendant, based on the same transactional dispute. *Bonanno*, 87 Ill. App. 3d at 995.

¶ 24    The law could not be otherwise. The Library is a legal, municipal entity that operates through individuals acting on its behalf. If a municipal entity is guilty of negligence or willful and wanton misconduct, it is only because, at bottom, one or more individuals are guilty of that wrongdoing. Indeed, that is precisely how plaintiff's parents sought to hold the Library liable in the 2014 Action—by highlighting the actions and inactions of Fiorenzo, the Library's maintenance employee. (See *supra* ¶¶ 7-10.)

¶ 25    And imagine if, hypothetically, there were three multiple Library employees who potentially shared the blame for the bent grate—Fiorenzo, a co-worker, and their supervisor. Would plaintiff be entitled to four bites at the apple—a suit against the Library, then one against Fiorenzo, a third against his co-worker, and finally one against Fiorenzo's supervisor?

¶ 26    Of course not. Avoidance of piecemeal litigation and the need for finality are at the heart of *res judicata*. See *Ross*, 2012 IL App (3d) 110200, ¶ 29. Any claims based on the acts or

omissions of Fiorenzo belonged in the original 2014 Action and cannot be relitigated here.

¶ 27      Nothing in *Don Saffold Enterprises v. Concept I, Inc.* 316 Ill. App. 3d 993, 998 (2000) changes our conclusion. It is true, as plaintiff notes, that we found there that an individual employee and a corporation did not share the same identity of interest. See *id.* The plaintiff there sued an individual, Wasserman, in his individual capacity, over a contract dispute. Wasserman argued that he did not personally contract with the plaintiff—the actual party was a corporation named Concept I. *Id.* at 993-94. Thus, we held, a later lawsuit (or more properly, the refiling of the same lawsuit) against that corporation was not barred, because Wasserman and Concept I had different identities. *Id.* at 998.

¶ 28      In many ways, *Don Saffold* is the inverse of our case—the plaintiff first suing the individual and then the corporate entity. Whatever may be true in that context, that is a fundamentally different situation than what we have here: a plaintiff suing a corporate (albeit municipal) entity and then, when that lawsuit falls short, suing one of the corporation's employees over the same incident. The law is overwhelmingly clear, as discussed above, that *res judicata* bars that lawsuit. *Don Saffold* does not undermine the longstanding case law we have discussed above.

¶ 29      Nor does *Karalyos v. Board of Education of Lake Forest Community High School District 115*, 788 F. Supp. 2d 727 (N.D. Ill. 2011), involving a federal court's disposition of a motion to dismiss. The court never so much as mentioned *res judicata* and requires no further discussion.

¶ 30      As all three elements of *res judicata* were met here, the trial court properly dismissed the complaint. It is thus unnecessary to consider the additional bases on which the trial court dismissed the complaint.

¶ 31       II. Motion for Leave to Amend Complaint

¶ 32 Finally, Plaintiff claims the court erred in denying him leave to file an amended complaint. During oral argument on the motion to dismiss, plaintiff requested leave to amend the complaint to remove the allegation that Fiorenzo was an employee of the Library. He later offered that amended pleading.

¶ 33 We lack a transcript of any hearing on the motion for leave to amend, and it is tempting to end the matter there. We have typically held that, when reviewing a discretionary decision of the trial court, the lack of a transcript prevents us from understanding the bases for the court's decision. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 (absent transcript of proceedings, reviewing court must presume, per *Foutch*, that trial court did not abuse discretion in denying leave to amend complaint).

¶ 34 But we have a written order, as well as at least *some* argument from the transcript on the hearing on the motion to dismiss. So we will consider the argument on the merits.

¶ 35 Granting leave to amend a pleading is within the discretion of the trial court, and a reviewing court will not reverse a trial court's decision absent an abuse of that discretion. *Geisler v. Everest Nat. Ins. Co.,* 2012 IL App (1st) 103834, ¶ 94. An abuse of discretion occurs when no reasonable person would have taken the view adopted by the court. *Id.* The four factors used to decide whether a trial court abused its discretion when denying leave to amend include whether (1) the proposed amendment would cure the defective pleading; (2) other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) the proposed amendment is timely; and (4) previous opportunities to amend the pleading could be identified. *Id.*

¶ 36 We agree with the circuit court that it was proper to deny leave to amend because it

would not have cured the defect in the pleading. In the circuit court's words, "an amended pleading would not cure that *res judicata* applies and precludes [plaintiff's] claims against Fiorenzo." See *Malacina v. Cook County Sheriff's Merit Board*, 2021 IL App (1st) 191893, ¶ 40 ("it is never an abuse of discretion to deny leave to amend when the proposed amendment would be futile."). Regardless of whether the amended complaint would omit the fact that Fiorenzo was a Library employee, the entire 2014 Action was premised on the fact that he was; the trial court's ruling in that case was based on the fact that he was; and it is undisputed that he was. Even if plaintiff were correct that Fiorenzo may have acted outside the scope of his employment in his actions regarding this incident, that was an argument plaintiff's parents could have made during the 2014 Action. Again, *res judicata* bars what was raised in a previous action and what could have been raised. *Hudson*, 228 Ill. 2d at 467.

¶ 37    We thus uphold the denial of leave to amend the complaint.

¶ 38                                  CONCLUSION

¶ 39    The judgment of the circuit court is affirmed.

¶ 40    Affirmed.