# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Mabry v. Boler*, 2012 IL App (1st) 111464

---

| | |
|---|---|
| Appellate Court Caption | ALICE MABRY and FLOYD MABRY, by Illinois Farmers Insurance, as Subrogee, Plaintiffs-Appellants, v. JEAN BOLER, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1464 |
| Filed | May 15, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the damages and injuries that occurred in 2006 when defendant's automobile struck plaintiff's vehicle, the trial court erred in dismissing with prejudice the complaint filed by plaintiffs in 2010 on the ground that the complaint did not relate back to plaintiff's 2008 complaint, which plaintiffs dismissed without prejudice in 2010, and that it was not filed within the two-year statute of limitations period, since both complaints alleged negligence on the part of defendant arising from the accident in 2006 and the fact that the 2010 complaint sought relief different from the relief sought in the 2008 complaint had no bearing on the fact that both complaints arose from a single group of operative facts and constituted a single cause of action stemming from the same accident; furthermore, the 2010 complaint was a permissible refiling of the action under section 13-217 of the Code of Civil Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M1-302307; the Hon. Laurence J. Dunford, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Shelist Law Firm, LLC, of Chicago (Assata N. Peterson and Samuel A. Shelist, of counsel), for appellants. |
| | Law Office of Mathein & Rostoker, P.C., of Chicago (David B. Edwards, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. Presiding Justice Quinn and Justice Connors concurred in the judgment and opinion. |

## OPINION

¶ 1     On March 17, 2011, the circuit court of Cook County entered an order dismissing with prejudice a negligence complaint filed by the plaintiff, Illinois Farmers Insurance (Farmers Insurance), against the defendant, Jean Boler. On May 9, 2011, the circuit court denied Farmers Insurance's motion for reconsideration of its March 17, 2011 ruling. On appeal, Farmers Insurance argues that: (1) the circuit court erred in dismissing with prejudice the negligence complaint because it was a timely refiled cause of action under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)); and (2) alternatively, dismissal of the cause of action was unwarranted under the relation-back doctrine pursuant to section 2-616(b) of the Code of Civil Procedure (735 ILCS 5/2-616(b) (West 2010)). For the following reasons, we reverse the judgment of the circuit court of Cook County and remand the matter for further proceedings.

¶ 2                                   BACKGROUND

¶ 3     On August 13, 2006, pedestrian Alice Mabry (Alice) was allegedly struck and injured by an automobile driven by Jean Boler (Jean). At the time of the accident, Alice was insured by Farmers Insurance. In July 2008,[1] Farmers Insurance, as subrogee pursuant to the insurance policy, initiated a negligence lawsuit against Jean (the 2008 complaint), alleging that, on

_____

[1] Farmers Insurance represents to this court that the 2008 complaint was filed in July 2008, while Jean's brief before this court states that it was filed in June 2008. Although the record is unclear as to the exact month of filing, we note that our resolution of the issues in this case was not hindered by this discrepancy.

August 13, 2006, "at or about 100th," Jean negligently and carelessly drove her automobile into Alice's automobile, that her acts and omissions proximately caused Alice's damages, and that Alice "suffered severe damages to [her] [automobile], losing much of the value of the same, and [her] damages include the total value of the [automobile] and/or repairs to same and rental charges, tow charges, and appurtenant charges and medical payment [*sic*] coverage payments." The 2008 complaint requested that a judgment in the amount of $6,850 plus costs be entered in Farmers Insurance's favor.[2]

¶ 4    On August 25, 2010,[3] Farmers Insurance voluntarily dismissed the 2008 cause of action without prejudice.

¶ 5    On September 10, 2010,[4] Farmers Insurance filed another negligence complaint against Jean, alleging that on August 13, 2006, Alice was a pedestrian near "74 E. 100th Place" in Chicago, Illinois, when Jean's automobile struck Alice (the 2010 complaint).[5] The 2010 complaint asserted that Jean's negligent and careless actions directly and proximately caused Alice's physical injuries, including "severe shock to her nervous system and bruises, contusions, strains, sprains and lacerations to diverse parts of [her] body" and permanent disability. The 2010 complaint further alleged that Alice's husband, Floyd Mabry (Floyd), was deprived of Alice's companionship, and that both Alice and Floyd had become liable for large sums of money as a result of Alice's medical care. The 2010 complaint also stated that, pursuant to Alice and Floyd's insurance policy with Farmers Insurance, Farmers Insurance had paid $2,000 for Alice's medical payments and $6,850 in "medical payments and compensation for pain and suffering, loss of a normal life and [Alice's injuries]," and requested that a judgment be entered in its favor in the amount of $8,850 plus costs.

¶ 6    On January 11, 2011, Jean filed a section 2-619 motion to dismiss (735 ILCS 5/2-619(a)(5) (West 2010)), arguing that the 2010 complaint should be dismissed with prejudice because it was filed after the two-year statute of limitations period for personal injury claims had expired.

¶ 7    On February 18, 2011, Farmers Insurance filed a response to Jean's motion to dismiss, arguing that both the 2008 and 2010 complaints included a prayer for relief for "medical payments," that the 2008 lawsuit was voluntarily dismissed without prejudice, and that the 2010 complaint was refiled within the allowable statutory time period.

¶ 8    On March 1, 2011, Jean filed a reply in support of the motion to dismiss, arguing that the

---

[2]Mabry v. Boler, No. 08–M1–015258 (Cir. Ct. Cook Co.)

[3]Although the August 25, 2010 order evidencing Farmers Insurance's voluntary dismissal of the 2008 complaint is illegible in the record before us, the parties do not dispute the accuracy of this date.

[4]Though unclear in the record, the parties agree on appeal that September 10, 2010 was the filing date of the 2010 complaint.

[5]Mabry v. Boler, No. 10–M1–302307 (Cir. Ct. Cook Co.)

2010 complaint was not simply a refiling of the 2008 cause of action, but that it "contains factual allegations and claims for relief that were not [pled] in the original action." Specifically, Jean pointed out that the 2010 complaint sought "additional relief in the form of pain and suffering, loss of a normal life, and other relief for bodily injury" which had not been previously pled in the 2008 complaint. Thus, she argued, portions of the 2010 complaint that were not previously pled in the 2008 complaint should be dismissed.

¶ 9 On March 17, 2011, the circuit court granted the motion to dismiss, finding that the 2010 complaint alleging personal injury claims was a different cause of action from the 2008 complaint alleging property damage. The circuit court further found that "since there was no claim for personal injury in the [2008 complaint], the [2010 complaint] [did] not relate back to the [2008 complaint]" under section 2-616(b) of the Code of Civil Procedure (735 ILCS 5/2-616(b) (West 2010)). Thus, the circuit court dismissed the 2010 complaint with prejudice for failing to file it within the two-year statute of limitations period from the date of the accident.

¶ 10 On March 31, 2011, Farmers Insurance filed a motion for reconsideration of the circuit court's March 17, 2011 ruling. On May 9, 2011, the circuit court denied the motion for reconsideration. On May 23, 2011, Farmers Insurance filed a notice of appeal before this court.

¶ 11 ANALYSIS

¶ 12 The sole inquiry on appeal before us, which we review *de novo*, is whether the circuit court erred in granting Jean's section 2-619 motion to dismiss Farmers Insurance's 2010 complaint with prejudice. See *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 22.

¶ 13 Farmers Insurance argues that the circuit court erred in dismissing its 2010 complaint with prejudice on the basis that it did not "relate back" to the 2008 cause of action pursuant to section 2-616(b) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-616(b) (West 2010)). It maintains that section 2-616(b) was not the proper vehicle by which to analyze the timeliness of the claims that were raised in the 2010 complaint. Rather, it contends that the 2010 complaint was a timely refiled new cause of action pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)).

¶ 14 Jean counters that Farmers Insurance has forfeited the argument on appeal that section 13-217 of the Code applied to the instant case because it was neither in its response to Jean's section 2-619 motion to dismiss nor in its motion for reconsideration. Forfeiture aside, Jean argues, the application of section 13-217 to the case at bar would not have changed the circuit court's decision to dismiss the 2010 complaint with prejudice because the 2008 and 2010 lawsuits did not arise from the same core of operative facts. Jean maintains instead that the 2010 complaint was properly dismissed pursuant to section 2-619(a)(5) of the Code because it was filed after the two-year statute of limitations period for the personal injury and loss of consortium claims had passed.

¶ 15 As a preliminary matter, we determine whether Farmers Insurance's argument pertaining

-4-

to the applicability of section 13-217 of the Code has been forfeited on appeal. Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal. *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109, 859 N.E.2d 1, 12 (2006). However, our review of the record indicates that Farmers Insurance did raise this argument, albeit vaguely, in its February 18, 2011 response to Jean's section 2-619 motion to dismiss. In that response, Farmers Insurance asserted that it had refiled its complaint "within 1 year" of the voluntary dismissal of its original 2008 lawsuit. We find that assertion to have been sufficient to allege the one-year statutory refiling period allowed by section 13-217 of the Code, for purposes of presentation of the issue on appeal. Thus, we conclude that Farmers Insurance has not forfeited review of this argument on appeal. Nevertheless, Jean asserts, without any reference to the record, that Farmers Insurance, in opposing the motion to dismiss, advanced the argument that the 2010 complaint related back to the 2008 complaint pursuant to section 2-616(b) of the Code. We find that it is unclear what arguments were made before the circuit court at the hearing on the motion to dismiss, beyond those set forth in the parties' written pleadings pertaining to the motion to dismiss. No transcript or bystander's report of the hearing is contained in the record on appeal. While it is generally the burden of the appellant, Farmers Insurance, to provide a sufficiently complete record of the circuit court proceedings (see *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984)), we find that had Jean wanted to assert estoppel claims against Farmers Insurance, she could have done so and should have requested to supplement the record on appeal with transcripts of the hearing on the motion to dismiss. She did not do so. As discussed, because we find that Farmers Insurance sufficiently alleged the applicability of section 13-217 in its written response to Jean's motion to dismiss, the issue of whether Farmers Insurance had also made arguments pertaining to the applicability of section 2-616(b) before the circuit court had absolutely no bearing on the reviewability of Farmers Insurance's section 13-217 arguments on appeal. Therefore, we proceed to address the merits of Farmers Insurance's contentions on appeal.

¶ 16    Section 13-217 of the Code provides in pertinent part the following:

"[I]f judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, *or the action is voluntarily dismissed by the plaintiff*, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, *then, whether or not the time limitation for bringing such action expires during the pendency of such action*, the plaintiff, his or her heirs, executors or administrators *may commence a new action within one year or within the remaining period of limitation, whichever is greater ***.*" (Emphases added.) 735 ILCS 5/13-217 (West 1994).[6]

_____

[6]This version of section 13-217 is currently in effect because it preceded the amendments of Public Act 89-7, § 15, eff. March 9, 1995, which our supreme court found unconstitutional in its entirety. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1, 889 N.E.2d 210, 214 n.1 (2008)

Section 13-217 operates as a "savings statute, with the purpose of facilitating the disposition of litigation on the merits and to avoid frustration upon grounds unrelated to the merits." *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497, 693 N.E.2d 338, 342 (1998).

¶ 17     In dismissing the 2010 cause of action with prejudice, the circuit court held that the 2010 complaint did not "relate back" to the 2008 complaint under section 2-616(b) of the Code and was thus untimely because it was filed beyond the two-year statute of limitations period for personal injury claims. We agree with Farmers Insurance's contention that the circuit court's relation-back analysis under section 2-616(b) was the improper vehicle by which to determine the timeliness of the claims presented in the 2010 complaint.

¶ 18     Section 2-616 of the Code governs the amendments of pleadings and not refiled causes of actions. *Apollo Real Estate Investment Fund IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 782, 935 N.E.2d 949, 958 (2009). Section 2-616, entitled "Amendments," is "concerned only with amendments and when they should be permitted." (Internal quotation marks omitted.) *Id.* "Refilings are governed by section 13-217 of the Code [citation], and not section 2-616 [citation]." *Id.* at 783, 935 N.E.2d at 958.

¶ 19     We find *Gelber* particularly instructive. In *Gelber*, the plaintiff filed a lawsuit in June 2005 against the defendants to collect money that was allegedly transferred to the defendants by fraud in June 2001. *Id.* at 776, 935 N.E.2d at 953. Subsequently, the circuit court granted the defendants' motion to dismiss all three counts of the 2005 complaint. *Id.* In February 2006, the plaintiff filed a first amended complaint, which the circuit court also dismissed on the basis that it failed to state a claim pursuant to section 2-615. *Id.* at 776-77, 935 N.E.2d at 953. The circuit court allowed the plaintiff 28 days to amend its complaint; however, the plaintiff neither amended the complaint nor appealed the dismissal. *Id.* at 777, 935 N.E.2d at 953-54. Instead, in June 2006, the plaintiff voluntarily dismissed the cause of action without prejudice. *Id.*, 935 N.E.2d at 954. In May 2007, the plaintiff refiled the cause of action against the same defendants, again asserting claims of fraud and adding a new claim of unjust enrichment. *Id.* After the circuit court dismissed the 2007 complaint, the plaintiff filed a first amended complaint alleging the same claims. *Id.* The circuit court then dismissed the claims of fraud on the basis that they failed to state a cause of action, but allowed the unjust enrichment claim to stand. *Id.* The defendants then filed an additional motion to dismiss the unjust enrichment claim, which the circuit court denied. *Id.* The defendants' motion for summary judgment was also denied. *Id.* Thereafter, the circuit court certified three questions for interlocutory appeal, including whether the claim for unjust enrichment, which was asserted for the first time as part of the refiled 2007 action, related back to the original cause of action. *Id.* at 774, 935 N.E.2d at 952. On interlocutory appeal, this court found that the 2007 refiled cause of action was not an amendment of the earlier 2005 lawsuit, that it was not an amended pleading subject to section 2-616(b) of the Code but, rather, that it was a new lawsuit. *Id.* at 782, 935 N.E.2d at 958. Thus, because the unjust enrichment claim was not

(citing *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997)).

raised in an amended pleading to the original 2005 lawsuit, the reviewing court found that section 13-217, rather than section 2-616(b), was applicable. *Id.* at 782-83, 935 N.E.2d at 958. The *Gelber* court then held that the refiled 2007 lawsuit was timely filed under section 13-217 and the unjust enrichment claim was timely raised within one year after the plaintiff's June 2006 voluntary dismissal of the 2005 lawsuit. *Id.* at 786, 935 N.E.2d at 961.

¶ 20 In the case at bar, the alleged accident occurred on August 13, 2006. In July 2008, Farmers Insurance filed a cause of action alleging negligence against Jean and requesting damages for Alice's property and medical coverage payments. Like *Gelber*, on August 25, 2010, Farmers Insurance voluntarily dismissed the 2008 cause of action without prejudice. On September 10, 2010, Farmers Insurance refiled a negligence lawsuit against Jean, which requested damages for Alice's physical injury, pain and suffering, medical coverage payments and Floyd's loss of consortium. Applying the principles of *Gelber*, we find that the 2010 complaint was not an amended pleading to the 2008 lawsuit and, thus, was not subject to the provisions of section 2-616(b). Rather, the 2010 complaint was a refiled cause of action under section 13-217 of the Code. Thus, section 13-217 of the Code governs whether the 2010 complaint was timely filed. Under section 13-217, a cause of action that was voluntarily dismissed by the plaintiff may be refiled "within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 1994). Farmers Insurance's 2010 complaint alleged a cause of action sounding in tort, which permits a statute of limitations period of two years from the date that the cause of action accrued. See 735 ILCS 5/13-202, 13-203 (West 2010). Initially, the 2008 complaint was filed in July 2008, which was within the two-year statute of limitations period for claims sounding in tort. Because the cause of action accrued on August 13, 2006, and the statute of limitations period expired on August 13, 2008, the greater of the two periods for refiling Farmers Insurance's lawsuit was within one year of the voluntary dismissal of the 2008 lawsuit. Therefore, Farmers Insurance had until August 25, 2011, a year from the voluntary dismissal, to refile the dismissed cause of action. Accordingly, we conclude that Farmers Insurance timely refiled the cause of action against Jean on September 10, 2010, prior to the expiration of the section 13-217 period.

¶ 21 Nonetheless, Jean maintains that Farmers Insurance's 2010 complaint was not a permissible "refiling" under section 13-217 because it stated facts in direct contradiction to the 2008 complaint. She argues that the facts alleged in the 2008 and 2010 complaints did not arise from a "single group of operative facts," and that the 2010 complaint failed to mention any theory of recovery pertaining to property damage, as was alleged in the 2008 complaint.

¶ 22 "[T]he filing of a complaint is considered a 'refiling' of a previously filed complaint if it contains the same cause of action as defined by *res judicata* principles." *Schrager v. Grossman*, 321 Ill. App. 3d 750, 755, 752 N.E.2d 1, 4 (2000). "Separate claims are considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts." *Id.*, 752 N.E.2d at 4-5. While a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, " ' "assertions of different kinds or theories of relief arising out of a single group of operative

facts constitute but a single cause of action." ' " *Id.* at 757, 752 N.E.2d at 6 (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 315, 703 N.E.2d 883, 895 (1998), quoting *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490-91, 626 N.E.2d 225, 228 (1993)); accord *Don Saffold Enterprises v. Concept I, Inc.*, 316 Ill. App. 3d 993, 996, 739 N.E.2d 27, 29 (2000).

¶ 23    We find Jean's arguments to be without merit. Both the 2008 and 2010 complaints filed by Alice alleged negligence against Jean arising out of the automobile accident that allegedly occurred on August 13, 2006. Specifically, both complaints alleged that Jean carelessly and negligently operated her vehicle, which caused the collision at issue. Although the relief sought in the 2010 complaint differed from the relief requested in the 2008 complaint, such difference had absolutely no bearing on the fact that the factual allegations in the two complaints arose from a single group of operative facts–namely, that Jean's allegedly negligent actions on the specific date of August 13, 2006 resulted in the accident at issue. See *River Park, Inc.*, 184 Ill. 2d at 315, 703 N.E.2d at 895 (assertions of different kinds or theories of relief arising out of a single group of operative facts constitute a single cause of action). Likewise, although the 2008 complaint alleged that Jean's vehicle negligently collided with Alice's vehicle, and the 2010 complaint asserted that Jean's vehicle collided with Alice's person, these distinctions could not and did not wholly negate the fact that the two complaints, brought against the same defendant, constituted a single cause of action stemming from the same accident. We further reject Jean's arguments that differences between the two complaints, such as the description of the accident location as "at or about 100th" in the 2008 complaint as opposed to "near 784 E. 100th Place" in the 2010 complaint, showed that they did not arise from the same group of operative facts. Based on our review of the record, we find these distinctions to be minor and that, when viewed in the context of the pleadings' entirety, both complaints adequately gave Jean notice of the litigation which arose from a single accident on August 13, 2006 involving the collision of her automobile. See *Gonzalez v. Thorek Hospital & Medical Center*, 143 Ill. 2d 28, 36-37, 570 N.E.2d 309, 313 (1991) (statute of limitations is extended by section 13-217 when the defendant already has had notice of litigation arising out of the same facts and circumstances). Thus, we find that Farmers Insurance's 2010 complaint was a permissible refiling of the cause of action under section 13-217 of the Code, and as such, could assert new theories of relief or recovery pertaining to the accident. Therefore, the circuit court erroneously dismissed Farmers Insurance's 2010 complaint with prejudice. Accordingly, in light of our holding, we need not address Farmers Insurance's alternative arguments.

¶ 24    Notwithstanding this court's holding, Jean asserts for the first time on appeal that the 2010 complaint was properly dismissed with prejudice for lack of diligence pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Rule 103(b) requires that the plaintiff exercise reasonable diligence in obtaining service of process on the defendant in a cause of action. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). We find that Jean has forfeited review of this argument raised for the first time on appeal because it was never presented in the circuit court. See *Village of Roselle*, 368 Ill. App. 3d at 1109, 859 N.E.2d at 12 (arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal).

We further note that in making this argument, Jean fails to cite to any relevant pages in the record on appeal. See Ill. S. Ct. R. 341(h)(7), (i) (eff. July 1, 2008) (arguments made in appellate briefs shall contain "citation of the authorities and the pages of the record relied on" and that points not argued are forfeited); see generally *Curtis v. Lofy*, 394 Ill. App. 3d 170, 189, 914 N.E.2d 248, 263-64 (2009). The rules promulgated by our supreme court are not aspirational nor merely suggestions, but rather, they "have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995); *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 353, 685 N.E.2d 1018, 1020 (1997). For these reasons, we decline to address the merits of this argument.

¶ 25     For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the matter for further proceedings.

¶ 26     Reversed and remanded.