2023 IL App (1st) 220764-U

No. 1-22-0764

Order filed September 20, 2023

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| LEFT TURN INVESTMENTS, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| THREE FOUR GLOBAL INVESTMENTS, LLC, an Illinois Limited Liability Company, DAVID BEAMISH, Individually, and STEPHEN KUBINSKI, Individually, | ) ) ) ) ) | |
| | ) ) | Appeal from the Circuit Court of Cook County. |
| Defendants-Appellants. | ) ) | |
| | ) ) | Nos. 2020 L 004302, 2020 L 004303 (cons.) |
| CRAIG DOW, | ) ) | |
| | ) | Honorable |
| Plaintiff-Appellee, | ) ) | John J. Curry Judge, Presiding |
| v. | ) ) | |
| THREE FOUR GLOBAL INVESTMENTS, LLC, an Illinois Limited Liability Company, DAVID BEAMISH, Individually, and STEPHEN KUBINSKI, Individually, | ) ) ) ) ) | |
| | ) ) | |
| Defendants-Appellants. | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice McBride concurred in the judgment.

**ORDER**

*Held*: We affirm the circuit court's grant of partial summary judgment in favor of plaintiffs. We lack jurisdiction to review the circuit court's denial of the motion for substitution of judge by right.

¶ 1     This case arises from a default on a pair of loans made in two promissory notes. One note provided for a loan from plaintiff Left Turn Investments, LLC (Left Turn) to defendant Three Four Investments, LLC (Three Four); the other provided for a loan from plaintiff Craig Dow to Three Four. Both promissory notes were signed by defendants David Beamish and Stephen Kubinski as personal guarantors. Three Four failed to timely repay the loans and plaintiffs sued. The circuit court ultimately entered partial summary judgment in favor of plaintiffs. Defendants now appeal, arguing that summary judgment was inappropriate and that their motion for substitution of judge as of right (SOJ motion) was erroneously denied by the circuit court. We disagree and affirm the circuit court's orders.

¶ 2                                    BACKGROUND

¶ 3     The facts of this case are largely undisputed. Beamish and Kubinski are the sole members and managers of Three Four. On June 28, 2017, defendants entered into two separate contracts, both titled "Three Four Global Investments LLC 6 to 12 Month Promissory Note." In one of these contracts, Left Turn lent $125,000 to defendants; in the other, Dow lent $125,000 to defendants. Both notes were personally drafted by Beamish.

¶ 4     Both Beamish and Kubinski testified before the circuit court that they signed the promissory notes and that those notes represented their understanding of the loan. Beamish

signed the notes on behalf of the defendant corporation and as a personal guarantor. Kubinski signed the notes as a personal guarantor. Both notes contain the language: "This Note shall be the joint and several obligation of all makers, sureties, guarantors, and endorsers hereof and shall be binding upon them and their respective administers, successors and assigns." This language was initialed by both Beamish and Kubinski on both notes.

¶ 5        The notes each provided for a $125,000 principal amount, 30% annual interest, and a due date of January 3, 2018, by which the principal and any accrued interest was to be paid. In addition, both notes included the language: "Borrow [*sic*] also will deliver to Lender 50 Pieces of Original Matt Lamb Artwork to be kept as collateral until the note and interest are paid back in full." Plaintiffs upheld their end of the deal by lending the money, but Three Four repaid only $6,000 on each of the notes. Defendants do not dispute that the money was lent or that the loans were defaulted upon.

¶ 6        Plaintiffs filed separate complaints against defendants alleging, *inter alia*, breach of contract. The cases that resulted from those complaints were subsequently consolidated into a single case, from which this appeal arises. Plaintiffs assert in their response brief that defendants baselessly denied a number of requests to admit facts, but later contradicted those sworn responses when confronted with the promissory notes bearing their initials and signatures during depositions. Defendants admitted during depositions that they had signed and initialed the notes. Defendants do not dispute these assertions. Similarly, it is undisputed that when plaintiffs requested that defendants produce any and all documents relating to the notes and the loan transactions, defendants produced no documents at all. The case was assigned to mandatory arbitration. The arbitrator entered an award for the plaintiffs, but defendants rejected the award.

¶ 7    On November 1, 2021, plaintiffs filed a motion for partial summary judgment regarding their breach of contract claim. In the motion, plaintiffs argued that there was no genuine issue of material fact as to (1) whether the promissory notes were valid and enforceable contracts, (2) whether plaintiffs performed their obligations under the contracts, (3) whether defendants breached their obligations under the contracts, and (4) whether defendants are jointly and severally liable for Three Four's obligations under the contracts.

¶ 8    On January 7, 2022, while a response to the motion was pending from defendants, the judge presiding over the case retired, and the case was reassigned to another judge.

¶ 9    On January 18, 2022, defendants filed their response to plaintiff's motion for partial summary judgment. In it, defendants argued that a genuine question of material fact existed because the copies of the contract entered into evidence are unsigned, because neither Beamish nor Kubinski was named as a "borrower," and because "there are no terms memorialized in either Note which provide for the alleged 'personal guarantee' of both Beamish and Kubinski and as alleged by the plaintiffs other than the use of the word 'personal guarantor' on the last page of each Note."

¶ 10    Defendants further argued that Beamish's testimony established that defendants' names "were only inserted by the plaintiffs after plaintiffs insisted that Beamish and Kubinski provide a personal guaranty that the subject artwork collateral was in the possession and/or owned by both Beamish and Kubinski at the time of the agreement between plaintiffs and defendant Three Four." Defendants alleged that plaintiffs "specifically requested that both Beamish and Kubinski sign a personal guarantee that they possessed and owned the artwork which was the collateral specified in each Note."

¶ 11 Defendants also argued that they had "attempted on several different occasions to tender the collateral artwork to both plaintiffs who refused to take possession" and there was no evidence to support an assertion that Three Four withheld the artwork from the plaintiffs at any time.

¶ 12 Lastly, defendants argued that some of the documents cited by plaintiffs in their motion for partial summary judgment were introduced without proper foundation for their admissibility and therefore should not have been considered with the motion for partial summary judgment.

¶ 13 On February 14, 2022, plaintiffs filed their reply to defendants' response, in which they refuted defendants' claim that a material issue of genuine fact yet remained. Regarding the lack of signatures on the exhibits, plaintiff indicated that Beamish and Kubinski both admitted to signing the notes during their respective depositions. Regarding defendants' argument that the "personal guarantor" language concerned only a guarantee of ownership of the collateral artwork, plaintiffs argued that the language of the contract is plain and, since defendants testified that the notes contained the complete terms of the agreements, there is no genuine issue of material fact.

¶ 14 Plaintiffs made three additional arguments on the matter of whether Beamish and Kubinski personally guaranteed the notes. First, plaintiffs argued that defendants' contention to the contrary relied on impermissible extrinsic evidence and "[w]here (as here) a contract is clear, the Court must interpret the contract without considering extrinsic evidence." Second, plaintiffs argued that defendants' interpretation would render the guaranty provision in the notes illogical and superfluous. Third, plaintiffs argued that defendants admitted in their depositions that they drafted the notes without any assistance and thus, even if there is ambiguity in the notes, those ambiguities must be construed against defendants as the drafters.

¶ 15        Regarding defendants' arguments pertaining to the inadmissibility of some of the evidence on which plaintiffs relied, plaintiffs argued that defendants failed to designate the specific testimony to which they were objecting or what about it was problematic and therefore, for lack of a proper objection, waived their objection.

¶ 16        Lastly, as to defendants' argument that they attempted to tender collateral, plaintiffs argued that the collateral is irrelevant to the matter because under Illinois law, it is permissible to pursue defendants for a monetary judgment without first resorting to collateral.

¶ 17        Also, on February 14, 2022, plaintiffs emailed courtesy copies of their reply to defendants' counsel and the new judge. Included in that email was a separately-attached cover letter addressed to the new judge.

¶ 18        On February 24, 2022, prior to the hearing on the motion for partial summary judgment that was scheduled for that day, "[d]efendants' counsel emailed [p]laintiffs' counsel stating: '*I am* [on] *zoom for the case with Judge Mulroy and he is not here; instead it is Judge Curry. Is this correct? I had no advance notice that a new judge was assigned. Please advise.*' " This email was sent from the same email address to which the previous email containing the cover letter addressed to Judge Curry had been sent.

¶ 19        The record on appeal contains no record of the February 24, 2022 hearing. To the degree that the record contains any indication of the order of events at that hearing, it is in Judge Curry's description of the previous hearing in the transcript of the subsequent hearing pertaining to the motion to reconsider. In that hearing, Judge Curry stated:

> "The movant in this matter wishes to have me reconsider my prior order denying his oral motion made in the course of this Court's hearing on a dispositive motion, which was a substantive matter on February 24th, 2022.

6

* * *

"I commenced the hearing. And it was at that point that defendant's counsel interjected his oral motion for substitution of judge without notice. So the hearing had begun and the motion wasn't timely in that respect."

¶ 20   Defendants allege that they orally moved for a substitution of judge as of right before the hearing started. Plaintiffs allege that the hearing had already begun before the oral motion was made. Defendants allege that Judge Curry denied their motion because it was not submitted in writing. Defendants assert that they objected to continuing the hearing and, because the hearing continued over that objection, defense counsel did not argue on defendants' behalf. Defendants requested that Rule 304(a) language be included in the court's order.

¶ 21   On the same day, the circuit court entered an order granting partial summary judgment against defendants, jointly and severally, in the amount of $309,482.75. The order did not include Rule 304(a) language. The court's conclusion that there were no genuine issues of material fact was "[f]or the reason stated in open court." Again, there is nothing in the record on appeal detailing what was said during the summary judgment hearing.

¶ 22   On March 8, 2022, defendants filed a motion to reconsider the court's February 24, 2022 order denying defendants' motion to substitute judge and granting partial summary judgment. Although the motion requested that the summary judgment order be vacated, defendants' argument was solely focused on the motion to substitute judge. Defendants argued (1) that the motion had been made before the hearing started, (2) that, by statute, a motion for substitution of judge can be made orally, and (3) the court should reverse its decision based on the principles of equity. Defendants' motion to reconsider contained no citations to authority beyond the

7

substitution of judge statute and citations related to principles of equity and citations regarding motions to reconsider generally.

¶ 23        On April 11, 2022, plaintiffs filed a response to the motion to reconsider. In it, they argued that the court's ruling on the motion for substitution was correct because (1) the motion was not timely because it was not filed at the earliest practicable time, (2) defendants provided no notice whatsoever of the motion, and (3) the motion was a transparent delay tactic. On April 29, 2022, plaintiffs filed a motion for legal fees for the mandatory arbitration conducted in the case.

¶ 24        On May 3, 2022, the circuit court held a hearing on the motion to reconsider in which it denied the motion. At that hearing, the circuit court reasoned that because the moving party is required to give due notice to the other party and no notice was given whatsoever for the motion in question, it was correct to deny the motion for substitution. The circuit court examined the particular facts before it and noted that defendants had time to provide notice and failed to do so. The circuit court noted that, to the degree that defense counsel may have been unaware of the change in judges, that was due to their failure to read documents and therefore was no defense. The circuit court further noted that the motion was made after the hearing began and so was not timely. The circuit court determined the motion to be frivolous under Rule 137 and ordered defendants to file a memorandum or statement as to why they should not be sanctioned under Rule 137. Defendants requested Rule 304 language in the order disposing of the motion to reconsider. The circuit court denied the motion to reconsider, granted plaintiffs' voluntary dismissal of all other counts, and provided Rule 304(a) language reading: "this Court makes a specific finding that there is no just reason for delaying either enforcement or appeal or both of this Order." All rulings in the order were made "for the reasons stated on the record."

¶ 25       Defendants filed a timely notice of appeal on May 31, 2022 and this appeal follows.

¶ 26                                             ANALYSIS

¶ 27       On appeal, defendants argue that the circuit court erred in granting summary judgment because there were genuine issues of material fact regarding (1) ambiguity in the language of the contract and (2) impairment of the collateral by the plaintiffs. Both of these arguments are waived because they were not raised below, but we will nonetheless address the former, since that argument resembles an argument made below. Defendants also argue that the circuit court erred in denying their SOJ motion because the motion was properly made, and the circuit court had no discretion to deny it. Because we lack jurisdiction to review the denial of the SOJ motion, we dismiss that portion of the appeal, but we affirm the trial court's grant of partial summary judgment.

¶ 28                                           I. Jurisdiction

¶ 29       The parties agree that this court has jurisdiction under Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). However, this court has duty to ascertain our jurisdiction even if it is not raised by the parties. *Cushing v. Greyhound Lines, Inc.*, 2013 IL App (1st) 103197, ¶ 297; *In re Marriage of Ehgartner-Shachter and Shachter*, 366 Ill. App. 3d 278, 283 (2006).

¶ 30       Rule 304(a) provides that where there are multiple parties or claims involved in an action, "an appeal may be taken from a final judgment as to one or more but fewer than all the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 31       In this case, the circuit court did not provide Rule 304(a) language with its initial order granting partial summary judgment. However, when the circuit court issued its May 3, 2022 order denying defendants' motion for reconsideration and granting plaintiffs' motion for

voluntary dismissal of its other claims, that order included Rule 304(a) language. The order also included a *sua sponte* order requiring that defendants submit a memorandum explaining their actions or face Rule 137 sanctions. Under Illinois Supreme Court Rule 303:

> "The notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. A judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 32    Since there was a motion for Rule 137 sanctions pending, we do not have jurisdiction over the motion for substitution of judge as of right. Defendants assert that the circuit court reversed itself and withdrew the Rule 137 sanctions, but do not specify whether this was before or after this appeal was initiated. The circuit court entered an order June 28, 2022 finding that defendants violated Rule 137 and stating that sanctions would be issued. Accordingly, the issue was still pending at the time of appeal on May 31, 2022. The same June 28, 2022 order includes a briefing schedule for plaintiffs' motion for legal fees, indicating that there was a second pending issue that precluded finality. See *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant and Pancake House, Inc.*, 2021 IL App (1st) 192523, ¶69 (finding that without a Rule 304(a) finding, an otherwise final judgment was not final due to a pending request for attorney fees).

¶ 33    Since the circuit court ruled on the motion to reconsider and included Rule 304(a) language with its order, the court's final order granting plaintiffs' motion for partial summary judgment

became appealable at that time. Ill. Sup. Ct. R. 304(a) (eff. Mar. 8, 2016). Additionally, the motion was timely appealed within 30 days. Therefore, we have jurisdiction to review the circuit court's grant of partial summary judgment. *Heller Financial, Inc. v. Johns-Byrne Co.*, 246 Ill. App. 3d 754 (1992); Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 34    The trial court's order denying the SOJ motion is more complex. Rule 304(a) applies exclusively to final orders. Ill. Sup. Ct. R. 304(a). (eff. Mar. 8, 2016) "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008). An order denying a motion for substitution of judge does not fit that description and is not a final order, it is an interlocutory order. *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 19. "Preliminary orders in a pending case are not appealable because they are reviewable on appeal from the final order." *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981); see also *Inland Commercial Property Management, Inc.*, 2015 IL App (1st) 141051, ¶ 19-20 (holding that an order denying a motion for substitution of judge is a non-final preliminary order). "[I]t is well-settled law that the mere inclusion of a Rule 304(a) finding in a nonfinal order does not make the order appealable under the supreme court rules." *Id*. ¶ 23; see also *In re Marriage of Nettleton*, 348 Ill App. 3d 961, 969 (2004) (finding that a Rule 304(a) finding would not have rendered the denial of a motion to substitute judge as of right appealable).

¶ 35    In *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 187 (1994), our court held that an order denying a motion to substitute judge was reviewable prior to a final order resolving all remaining claims in one very limited circumstance. In *Berlin*, we were presented

with an issue properly subject to interlocutory appeal, as well as a denial of a motion to substitute judge. *Id*. The outcome of the motion to substitute judge was determinative of whether the correct judge was presiding when the interlocutory order being appealed was issued. *Id*. As such, we found that we could review the denial of the motion to substitute judge because "the proper scope of review under Rule 307 is to review any prior error that bears directly upon the question of whether the order on appeal was proper." *Id*.; see also *In re A.N.*, 324 Ill. App. 3d 510, 511-12 (2001). The appeal here is not a Rule 307 interlocutory appeal, so this narrow exception does not apply. As such, we find no basis on which this court can exercise jurisdiction to review the SOJ motion.

¶ 36                                      II. Forfeiture

¶ 37        It is well established that arguments raised for the first time on appeal are forfeited. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15; *Keefe-Shea Joint Venture v. City of Evanston*, 332 Ill. App. 3d 163, 170 (2002); *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006); *Chicago v. Michigan Beach Housing Cooperative*, 297 Ill. App. 3d 317, 324 (1998). To hear a novel issue on appeal would deprive the trial court of the opportunity to address the issue, would be a waste of judicial resources, and would prejudice the opposing party by depriving that party of the opportunity to present evidence and argument on the issue. *Department of Transportation v. GreatBanc Trust Company*, 2018 IL App (1st) 171315, ¶ 13.

¶ 38        Defendants raise an argument regarding impairment of collateral for the first time on appeal. This argument does not appear in defendants' response to plaintiffs' motion for partial summary judgment. Accordingly, we find that the argument is forfeited, and we will not address it.

¶ 39 Defendants also argue for the first time on appeal that the contract's language was ambiguous. While the language contained in this argument is largely the same language that was included in defendants' response to plaintiffs' motion for partial summary judgment below, the word "ambiguity" never appeared in defendants' response in any form. In the trial court, defendants primarily asserted that the individual defendants' deposition testimony and the contract read as a whole created a genuine issue of material fact. While this may have been intended to be an argument about ambiguity, defendants failed to articulate that argument and only made conclusory statements. As such, defendants' argument as to why the contract was ambiguous is being presented for the first time on appeal and is waived. As explained below, we will nonetheless address defendants' ambiguity argument for the sake of completeness. *Wilson v. Humana Hosp.*, 399 Ill. App. 3d 751, 757 (2010) ("Forfeiture *** is a limitation on the parties and not the reviewing court and this court may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent.").

¶ 40                                    III. Summary Judgment

¶ 41 Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). To determine whether there is a genuine issue of material fact, we construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the opponent. *MEP Construction, LLC v. Truco MP, LLC*, 2019 IL App (1st) 180539, ¶ 12 (citing *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 131-32 (1992)). If reasonable people would draw divergent inferences from undisputed facts, summary judgment is inappropriate. *Id.* (citing *Williams v. Manchester*, 228 Ill. 2d 404,

417 (2008)). It should be noted, however, that "[s]tatements in an affidavit which are based on information and belief or which are unsupported conclusions, opinions, or speculation are insufficient to raise a genuine issue of material fact." (Alteration in the original.) *Id.* ¶ 13 (quoting *Outboard Marine*, 154 Ill. 2d at 132). "Contract construction and interpretation are generally well suited to disposition by summary judgment." *William Blair and Co., LLC v. FI Liquidation Corp.*, 358 Ill. App. 3d 324, 334 (2005). If the language of a contract is ambiguous, summary judgment is not appropriate. *Id.*

¶ 42     "In appeals from summary judgment rulings, review is *de novo*." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). "De novo review means that we perform the same analysis that a trial judge would perform. In addition, we may affirm on any basis appearing in the record, whether or not the trial court relied on that basis and whether or not the trial court's reasoning was correct." *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 25.

¶ 43     "A contract term is ambiguous if it can reasonably be interpreted in more than one way due to the indefiniteness of the language or due to it having a double or multiple meaning." *William Blair*, 358 Ill. App. 3d at 334. "A contract is not ambiguous, however, if a court can ascertain its meaning from the general contract language." *Id.* "Whether a contract is ambiguous is a question of law for the trial court." *Id.* "However, the mere fact that the parties disagree as to the meaning of a term does not make that term ambiguous." *Id.* "In the absence of ambiguity, a court must construe a contract according to its own language, not according to the parties' subjective constructions." *Id.* at 335. "Unless a contract clearly specifies its own meanings, a court must interpret the words of the contract with their common and generally accepted meanings." *Id.* "We construe the contract as a whole, viewing each provision in light of the

14

other provisions." *Morningside North Apartments I, LLC v. 1000 N. LaSalle, LLC*, 2017 IL App (1st) 162274, ¶15. "We do not construe a contract by viewing a clause or provision in isolation." *Id*. If the contract is unambiguous on its face, we interpret "solely from the contract itself, without resorting to extrinsic evidence." *Id.*

¶ 44        Defendants argue that because Beamish and Kubinski testified in their depositions that the words "Personal Guarantor" beneath each of their signatures were only added at plaintiffs' request and signified only that Beamish and Kubinski "possessed and/or owned the subject collateral artwork," there is a genuine issue of material fact that should have precluded a grant of summary judgment. Defendants also argue that the fact that the contract "contained no corroborating language reciting the terms of the promissory notes" shows a "lack of credible evidence" for plaintiffs' contention regarding the language and so supports defendants' contention. Defendants' argument, simply put, is that their deposition testimony created a question of fact because that testimony conflicted with the unambiguous meaning of the contract. However, this argument is without any legal support.

¶ 45        Defendants suggest that their disagreement over the meaning of a term means that the term is ambiguous, and therefore creates a genuine issue of material fact. As the case law cited above has established, the presence of ambiguity in a contract would render the matter inappropriate for summary judgment.

¶ 46        Defendants are correct that there is no additional corroborating language in the contract that addresses personal guarantors specifically, but there is also no corroborating language establishing the definition that defendants seek to assign to the language regarding a guarantee of ownership of collateral. The first term of the contract reads:

> "FOR RECEIVED VALUE, the Borrower promises to pay to the order of Lender \*\*\*
>
> the principal sum of $125,000.00 together with all charges and interest herein provided,
>
> payable at the rate and in the manner hereinafter set forth. Borrow [*sic*] also will deliver
>
> to Lender 50 Pieces of Original Matt Lamb Artwork to be kept as collateral until the
>
> note and interest are paid back in full."

Plaintiffs' interpretation, that "personal guarantor" indicated that Beamish and Kubinski would be personally responsible for repayment if the borrower, Three Four, failed to repay the debt, is the plain meaning of the words. The language that does exist in the contract supports that meaning. The notes dictate that: "This Note shall be the joint and several obligation of all makers, sureties, *guarantors*, and endorsers hereof and shall be binding upon them and their respective administers, successors, and assigns" (Emphasis added). Both Beamish and Kubinski initialed this language. Defendants' suggestion that the term is ambiguous and that their proposed meaning is a valid alternative meaning that could be read from nothing more than the words "Personal Guarantor" is disingenuous. Defendants have only presented a disagreement about the subjective, intended meaning of the words "Personal Guarantor," not an argument about ambiguity. Defendants' argument is directly refuted by a host of case law. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010); *Ringgold Capital IV, LLC v. Finley*, 2013 IL App (1st) 121702, ¶ 19; *Doyle v. Executive Ethics Commission*, 2021 IL App (2d) 200157; *Richard W. McCarthy Trust Dated September 2, 2004 v. Illinois Casualty Co.*, 408 Ill. App. 3d 526, 535 (2011); *Shields Pork Plus, Inc. v. Swiss Valley Ag Service*, 329 Ill. App. 3d 305, 310 (2002); *Bituminous Casualty Corp. v. Iles*, 2013 IL App (5th) 120485 ("The absence of a definition does not render a policy term ambiguous, nor is it ambiguous simply because parties can suggest creative possibilities for its meaning."). "A contract is not rendered

ambiguous merely because the parties disagree on its meaning. Additionally, we will not strain to find an ambiguity where none exists, nor will we consider an interpretation that is unreasonable or leads to absurd results." *Sweet Berry Café, Inc. v. Society Insurance, Inc.*, 2022 IL App (2d) 210088, ¶ 34. Here, there was no ambiguity and so there was no genuine issue of material fact. Accordingly, we affirm the trial court's decision to grant partial summary judgment.

CONCLUSION

¶ 47    For the foregoing reasons, we find we lack jurisdiction to review the circuit court's decision on the motion to substitute judge as of right, but we affirm the circuit court's grant of partial summary judgment.

¶ 48    Affirmed.