2024 IL App (1st) 240205-U

FIRST DISTRICT,
SIXTH DIVISION
October 11, 2024

No. 1-24-0205

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| MATTHEW F. SAUER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| v. | ) |
| | ) |
| FOUR41 CAPITAL PARTNERS, LLC, THE GIFT KEY, LLC, BLASINGAME, BURCH, GARRARD AND ASHLEY, P.C., JOSH THROOP, REILLY LERNER, ASHLEY OGLESBY ZACKER, MARK SANDERS (a/k/a MARK SANDERS JR.), MARY BIRD, GREG ASHBY, WILLIAM BOSWELL, LISA K. OGLESBY, and MICHAEL BENTLEY, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants | ) |
| | ) |
| (Four41 Capital Partners, LLC, The Gift Key, LLC, Ashley Oglesby Zacker, Mark Sanders (a/k/a Mark Sanders Jr.), William Boswell, and Lisa K. Oglesby, | ) ) ) ) |
| | ) |
| Defendants-Appellees). | ) |

Appeal from the
Circuit Court of
Cook County, Illinois.

No. 2022 L 008078

Honorable
Mary Colleen Roberts,
Judge Presiding.

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Illinois resident filed suit against Georgia LLCs and residents of Georgia, alleging a "scheme" to "defraud" him of investment capital. The circuit court properly dismissed the complaint with prejudice where plaintiff failed to set forth a *prima facie* basis for exercising personal jurisdiction over defendants.

¶ 2    Plaintiff Matthew Sauer sued various defendants for, among other things, breach of fiduciary duty and conversion, alleging that they induced him to invest $443,000 in a startup venture before "confiscating" and "absconding with" his funds. Defendants Four41 Capital Partners, LLC (Four41), The Gift Key, LLC (The Gift Key), Ashley Oglesby Zacker (Zacker), Mark Sanders Jr. (Sanders Jr.), William Boswell, and Lisa Oglesby (Oglesby) (collectively the subject defendants) moved to dismiss for lack of personal jurisdiction, arguing that "[t]his case's only connection whatsoever to Cook County, Illinois is the fact that [plaintiff Sauer] is a resident of Cook County." The trial court granted their motions to dismiss. We affirm.

¶ 3                                    BACKGROUND

¶ 4    According to Sauer's amended complaint ("complaint"), in June 2019, Joseph Scot Armstrong (a non-defendant) had a meeting with Sauer in Canada to convince him to invest in a cryptocurrency startup venture. Over the next few months, Sauer visited Georgia and met various other individuals involved in the venture, many of whom have been named as defendants in this action. Following lengthy discussions as to how the venture should be structured, on August 20, 2019, The Gift Key was registered as a Georgia limited liability company with its principal office in Bogart, Georgia. On August 26, 2019, Four41 was registered as a Georgia limited liability company with its principal office in Athens, Georgia.

¶ 5    On November 25, 2019, Sauer wired $395,000 to a bank account held by Four41. On an unspecified date, Sauer wired $48,000 "into an account for benefit of The Gift Key LLC."

¶ 6    On or before December 2, 2019, defendants allegedly closed the Four41 bank account and "placed [the funds] outside of the reach of Sauer." On December 19, 2019, defendants held a meeting at which Sauer was not present and voted to "force Sauer out" of Four41 and The Gift Key and "confiscate his capital." Sauer alleges that this vote was not valid under the operating agreements of the LLCs, but defendants "ignored all the documents *** as the documents were simply a smokescreen for their plans of diverting funds."

¶ 7    On September 8, 2022, Sauer filed the instant action in the circuit court of Cook County, Illinois, against Four41, The Gift Key, the law firm of Blasingame, Burch, Garrard and Zacker, P.C. (BBG&A), and numerous individuals alleged to be involved with the "scheme" to "defraud" him: Reilly Lerner, Josh Throop, Greg Ashby, Michael Bentley, Mary Bird, Zacker, Sanders Jr., Boswell, and Oglesby. Sauer sought damages for breach of fiduciary duty, aiding and abetting, and conversion. He additionally sought recission of the Four41 and The Gift Key operating agreements, alleging that they "were obtained by mistake, constructive fraud, and misrepresentation."

¶ 8    On May 5, 2023, BBG&A was dismissed for lack of personal jurisdiction. On June 26, 2023, Lerner, Throop, Ashby, and Bentley were dismissed due to Sauer's failure to exercise reasonable diligence to effect service pursuant to Supreme Court Rule 103(b) (eff. July 1, 2007). Sauer does not appeal these orders.

¶ 9    On July 24, 2023, Four41, The Gift Key, Zacker, Sanders Jr., and Oglesby filed a joint motion to dismiss for lack of personal jurisdiction, alleging that "[t]his case's only connection whatsoever to Cook County, Illinois is the fact that [plaintiff Sauer] is a resident of Cook County." In support, they attached the affidavit of Armstrong, who averred that he is the managing member of Four41 and The Gift Key. Armstrong stated that both companies are

Georgia LLCs with their principal place of business in Georgia. Neither company has ever been authorized to conduct business in Illinois or has any offices or property in Illinois. Although the companies do not currently carry on active business operations, when they were active, "their business was focused solely on services in Georgia." Zacker, Sanders Jr., and Oglesby also submitted individual affidavits in which they each stated that they are residents of Georgia, they do not and have not ever conducted business in Illinois, and they do not "have any business contacts or interests in Illinois." They further averred that they have never been members or shareholders of Four41 or The Gift Key and have never "been a party to any contract or agreement contemplated by those entities."

¶ 10        On September 19, 2023, Boswell filed a separate motion to dismiss for lack of personal jurisdiction, attaching an affidavit in support in which he averred that he is a resident of Georgia, does not and has not ever conducted business in Illinois, and does not "have any business contacts or interests in Illinois."

¶ 11        Following a combined hearing on the subject defendants' motions to dismiss on January 5, 2024, the circuit court found that Sauer failed to make a *prima facie* case that the court had personal jurisdiction over the subject defendants. The court entered an order stating that "the Motions to Dismiss are granted and Plaintiff's First Amended Complaint is dismissed with prejudice." Sauer appeals the trial court's January 5, 2024, order pursuant to Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 12                                          ANALYSIS

¶ 13        On appeal, Sauer contends the circuit court erred in granting the subject defendants' motions to dismiss, arguing that the court had specific personal jurisdiction over them because (1) all of Sauer's damages "took place in Illinois"; (2) some of the defendants visited Chicago in

August 2019; (3) defendants made phone calls, texts, and emails to Sauer in Illinois in furtherance of their allegedly tortious activity; and (4) defendants "fail[ed] to register securities with the [Illinois] Secretary of State."

¶ 14        Initially, the subject defendants urge us to strike Sauer's *pro se* brief based on violations of Supreme Court Rule 341(h) (Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020)). Sauer's brief contains no citations to the record, in contravention of Rule 341(h)(6), which requires the statement of facts to contain "appropriate reference to the pages of the record on appeal," and Rule 341(h)(7), which requires the argument to be supported by "citation of the authorities and the pages of the record relied upon." *Id. Pro se* litigants are not excused from following our supreme court's rules on appellate briefs (*Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 7), and any brief that fails to substantially comply with those rules may justifiably be stricken (*Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7). Nevertheless, given the brevity of the record in this appeal, Sauer's Rule 341(h) violations do not unduly hinder our review, and we decline to strike his brief.

¶ 15        An Illinois court's exercise of jurisdiction over nonresident defendants must "comport[] with traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) *Higgins v. Blessing Hospital*, 2024 IL App (4th) 231531, ¶ 23. "Due process requires that a defendant be subjected to proceedings in the forum state based on his own affiliation with the state and not based on ' "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State.' " *Clemens v. Greenberg*, 2022 IL App (1st) 201129, ¶ 40 (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))). Accordingly, specific jurisdiction is proper only if the defendants purposefully directed their activities at residents of the forum state and plaintiff's

alleged injury arises out of or relates to those activities. *Clemens*, 2022 IL App (1st) 201129, ¶ 37. The defendants' litigation-related conduct "must create a substantial connection with the forum State." (Internal quotation marks omitted.) *Id.*

¶ 16        The plaintiff bears the initial burden of establishing a *prima facie* basis for personal jurisdiction, with any conflicts in the pleadings and affidavits being resolved in the plaintiff's favor. *Russell v. SNFA*, 2013 IL 113909, ¶ 28 (citing *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 20). If the plaintiff establishes a *prima facie* case, defendants may defeat it by offering "uncontradicted evidence that defeats jurisdiction." *Id.* Whether the circuit court has personal jurisdiction over a party is an issue of law that we review *de novo*. *In re Estate of Burmeister*, 2013 IL App (1st) 121776, ¶ 27.

¶ 17        Here, the circuit court found correctly that Sauer failed to establish a *prima facie* basis for personal jurisdiction over the subject defendants, none of whom are residents of Illinois. The fact that Sauer's damages "took place" in Illinois is plainly insufficient to establish personal jurisdiction over nonresident defendants.

¶ 18        As the U.S. Supreme Court has explained, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. The *Walden* plaintiffs sued a Drug Enforcement Administration agent who allegedly seized their funds without probable cause. *Id.* at 281. Although plaintiffs were Nevada residents and suffered the injury caused by defendant's conduct in Nevada, the *Walden* Court held that Nevada lacked jurisdiction over the defendant since the defendant's "relevant conduct occurred entirely in Georgia" and plaintiffs' "claimed injury does not evince a connection between [defendant] and Nevada." *Id.* at 289-91. Likewise, Sauer's claimed injury does not evince a connection between the subject defendants and Illinois.

¶ 19    Sauer argues that the location of his injury is sufficient to confer jurisdiction pursuant to *Knaus v. Guidry*, 389 Ill. App. 3d 804 (2009), in which defendants, who were residents of Texas, allegedly conspired to fraudulently secure the money of plaintiffs, who were residents of Florida and Missouri. We held that Illinois lacked jurisdiction over the action, since defendants' actions "were not purposely directed toward Illinois." *Id.* at 827. In this regard, we stated that "conduct sufficient to subject a foreign defendant to jurisdiction of a particular forum must involve, at the very least, an act purposefully directed at the forum state, such as conduct designed to create an injury in that state." *Id.* at 826. It is this language on which Sauer relies.

¶ 20    However, *Walden* subsequently clarified that mere injury to a forum resident is insufficient to establish jurisdiction, and that "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Under *Walden*, the mere fact that Sauer experienced economic injury in Illinois is not jurisdictionally relevant.

¶ 21    Sauer additionally alleges in his complaint that "on or about August 26, 2019, the Defendants Armstrong, Sanders, Doug Dillard, and Oglesby visited Chicago to set the trap to eventually ensnare Sauer's funds." It is unclear whether any of the subject defendants participated in this alleged visit, since Armstrong and Dillard are not defendants, and multiple individuals named "Sanders" and "Oglesby" are referenced in the complaint, not all of whom are defendants. Furthermore, Sauer's complaint contains no supporting allegations to establish that the named individuals' actions during this visit create "a substantial connection" with Illinois and that his injury arose out of those actions. *Clemens*, 2022 IL App (1st) 201129, ¶ 37.

¶ 22        Sauer next argues that defendants are subject to jurisdiction in Illinois because they directed emails, texts, and phone calls to him while he was in Illinois in furtherance of their tortious activity. Sauer appears to be referencing the allegation in his complaint that "[t]he Defendants commenced a plan to pressure Sauer into placing funds into the [Four41 account] and The Gift Key LLC account ***. Incessant calling, emailing, and texting Sauer multiple times per week requested funds." However, Sauer did not raise these alleged communications as grounds for personal jurisdiction in his responses to the subject defendants' motions to dismiss or in his oral argument before the circuit court. Arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 24 (declining to address merits of issue asserted for the first time on appeal).

¶ 23        Yet, even if we were to overlook Sauer's forfeiture of this argument, Sauer fails to establish that any of the individual defendants sent any of the communications at issue. According to the complaint, Armstrong "sent Sauer over 300 emails and 150 texts in a span of about 130 days" and "barraged Sauer with texts … demanding and pleading with Sauer to wire money immediately." However, Armstrong is not a defendant in this action, and his actions cannot provide a *prima facie* basis for personal jurisdiction over the others.

¶ 24        Sauer additionally asserts for the first time on appeal that "[t]he Defendant's [*sic*] argument that the Plaintiff is the sole contact with the State is inconsistent with Illinois Securities Law." Citing generally to the Illinois Securities Law of 1953 (815 ILCS 5/1 *et seq.* (West 2018)), Sauer characterizes his transfers of funds to Four41 and The Gift Key as purchases of securities which he claims defendants were required to "register post-transaction with the State [of Illinois] by filing an Illinois Form G." Sauer has forfeited this argument by failing to raise it below. *Mabry*, 2012 IL App (1st) 111464, ¶ 24.

¶ 25    Sauer also does not support this contention with cohesive argument or citation to authority. It is well established that "[t]he appellate court is not a depository in which the appellant may dump the burden of argument and research," and a party's failure to present an organized and cohesive argument supported by authority can cause the party to forfeit consideration of the issue. *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38. Accordingly, we decline to address this issue.

¶ 26    Finally, Sauer takes issue with Armstrong's affidavit submitted in connection with the subject defendants' reply to his response to their motion to dismiss, in which Armstrong avers that Sauer "was removed as a member of [Four41 and The Gift Key] on or around December of 2019." Sauer asserts that this statement is "frivolous" and "materially false." We decline to address this assertion, since it has no bearing on the issue of whether Illinois has personal jurisdiction over the subject defendants.

¶ 27                                    CONCLUSION

¶ 28    Since Sauer has failed to establish a *prima facie* basis for personal jurisdiction over the subject defendants, we affirm the judgment of the circuit court. However, the dismissal of this action does not preclude Sauer from seeking relief and pursuing any rights he may have against defendants in the proper venue where personal and subject matter jurisdiction lay.

¶ 29    Affirmed.